New Orleans & N. E. R. Co. *v.* Scarlet.

[76 South. 265, Division A.]

1. Master and Servant. *Evidence of want of skill. Statute.*
   Laws 1912, chapter 215, providing that in all actions against railroads proof that the injury was inflicted by the running of an engine or cars shall be *prima-facie* evidence of want of skill and care, being but a rule of evidence, is applicable to a case brought under the Federal Employers' Liability Act (Act April 23, 1908, ch. 149, 35 Stat. 65, U. S. Comp. St. 1916, sections 8657-8665) since in all matters of procedure the *lex fori* governs.

2. Appeal and Error. *Exclusion of testimony. Matters not in record.*
   The supreme court on appeal cannot review the exclusion by the court below of the testimony of a witness where, while the record discloses the question sought to be propounded to the witness, it does not disclose what his answers thereto would have been so that the courts may judge of the materiality and relevancy thereof to the issue being tried, and if material, whether appellant was prejudiced by the exclusion thereof.

Appeal from the circuit court of Clark county.

Hon. R. W. Heidelberg, Judge.

Suit by Joe Scarlet against the New Orleans & Northeastern Railroad Company. From a judgment for plaintiff, defendant appeals.

Appellee was a fireman upon the second engine of a double header freight train upon the appellant's railroad. The train stopped at a small station, and in starting again the engine and tender upon which appellee was riding pulled apart, due to the breakage of the king pin, which fastened the drawbar to the tender. At the time of the accident, appellee was standing with one foot on the deck of the engine, and one foot on the tender, in the act of throwing coal into the fire box. The engine and tender pulled apart, and he was dropped between the two and injured. He brought suit under the federal Employers' Liability Act and recovered a judgment of two thousand, five hundred dollars, from which the railroad company appealed. On the trial the appellee, plaintiff below, requested and received the following instruction:

"That the *prima facie* statute of Mississippi is a rule of evidence and is admissible and binding even though the plaintiff's right of action is circumscribed and controlled by the act of Congress know as the Employers' Liability Act, and that proof of injury from the running of defendant's engine and cars is *prima facie* evidence of negligence on the part of the defendant, and in order to meet same the defendant must show facts and circumstances surrounding the occurrence, and thus show to the jury that there was no negligence on its part and that this presumption is not met by conjecture and surmise.

Appellant contends that the *prima facie* evidence statute of Mississippi (section 1985, Code of 1906, as amended by chapter 215, Laws 1912) is not applicable in a case brought under the federal Employers' Liability Act. Appellant also assigned as error the action of

the court in excluding the testimony of Dr. Reynolds, the physician who examined the appellee after his injury, which was objected to by the appellee as coming within the privilged communications, and therefore protected by section 3695, Code 1906.

*R. H. & J. H. Thompson, A. S. Bozeman* and *Ben F. Cameron, Jr.,* for appellant.

*Thos. G. Fewell* and *Chas B. Cameron,* for appellee.

Smith, C. J., delivered the opinion of the court.

Section 1985, Code of 1906, amended by chapter 215, Laws of 1912, as construed in *Railroad Co.* v. *Thornhill,* 106 Miss. 387, 63 So. 674, deals, not with a substantive right, but only with a rule of evidence (*Lumber Co.* v. *Pierce,* 106 Miss. 672, 64 So. 461; Id., 235 U. S. 380, 35 Sup. Ct. 133, 59 L. Ed. 279), and, since the *lex fori* governs in all matters of procedure, the court below committed no error in charging the jury in accordance therewith.

We cannot review the exclusion by the court below of certain testimony sought to be elicited by appellant from Dr. Reynolds on his examination in chief; for the reason that, while the record discloses the questions sought to be propounded to the witness, it does not disclose what his answers thereto would have been so that we may judge of the materiality and relevancy thereof to the issue being tried, and, if material, whether appellant was prejudiced by the exclusion thereof. *Railroad Co.* v. *Robinson,* 106 Miss. 896, 64 So. 838.

We find no reversible error in the other matters complained of.

*Affirmed.*