## YAZOO & M. V. R. R. Co. *v.* MULLINS.

[76 South. 147, Division A.]

1. MASTER AND SERVANT. *Injuries to servant. Negligence. Evidence.*

Under section 1985, Code 1906, making injury by a running train *prima-facie* evidence of negligence on the part of the railroad company, where the whole evidence in the case shows conclusively that the injury was inflicted by the running of the cars, the burden is upon the railroad to explain the injury and show how it occurred and failing to do this the court should give a peremptory instruction to find for the plaintiff.

2. Master and Servant. *Injuries to servant. Negligence. Evidence.*
   Section 1985, Code 1906, making injury by a running train *prima-facie* evidence of negligence, is applicable as a rule of evidence in the courts of this state, regardless of whether the cause of action arises under the Federal Employer's Liability Act (Act April 22, 1908C 149, 35 Stat. 65 U. S. Comp. St. 1916, sections 8657-8665) or under the state law.

3. Death. *Excessive damages.*
   Where a railroad flagman was killed, leaving his mother, sixty years of age with a life expectancy of fourteen years, to whom the flagman had contributed fifty dollars per month, a verdict for twenty thousand dollars was excessive, and should be reduced to twelve thousand, five hundred dollars where the suit for recovery of damages was under the Federal Employer's Liability Act, since under this act a recovery of damages is limited to the pecuniary loss to the mother and the damages from the pain and suffering of the deceased from the time he was injured until his death.

Appeal from the circuit court of Adams county.
Hon. R. E. Jackson, Judge.

Suit by Mrs. Clara J. Mullins, Administratrix of James D. Mullins deceased, against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells May & Sanders and Ratcliff & Kennedy,* for appellant.

*Reily & McCall,* for appellee.

Holden, J., delivered the opinion of the court.

This is an appeal from a judgment for twenty thousand dollars obtained by the appellee in the circuit court of Adams county against the appellant railroad company as damages for the injury and death of James D. Mullins, a flagman in the employ of the appellant railroad.

The facts as to the injury and death, in so far as they are material to the decision of this case, are briefly these:

Mullins was a flagman employed in the operation of one of appellant's interstate freight trains, consisting of about thirty-four cars, which had stopped at about two a. m. at Harriston, and there did some switching. When the train was ready to proceed north from Harriston at four a. m., it was signaled by Mullins and a brakeman to leave, and it left the station at a rapid rate of speed. Mullins when last seen before his injury was standing alongside of the train on the east side of the main track. Shortly after the train left Harriston Mullins was found lying immediately east of the main track with his arm on the rail, completely crushed from the shoulder to the fingers. He stated to the persons who found him that he had "missed his hold," but made no other explanation as to how the injury occurred before he died in the hospital about nine hours after the injury. No witness testified as to how the injury happened.

The suit was brought under the federal Employers' Liability Act, and was based upon the alleged negligence of the railroad in not furnishing safe ways and appliances for the use of deceased, and also that the engineers (doubleheader) were negligent in starting the train at a dangerous rate of speed from the station of Harriston, causing the deceased to fall when he attempted to get on the train. The plaintiff at the trial below proved the injury to deceased was inflicted by the running of the cars of appellant railroad, and also introduced testimony tending to prove by circumstances, physical conditions, and inferences, the allegations, of the declaration as to defective and unsafe ways and appliances and the dangerous speed of the train. When the plaintiff rested, a peremptory instruction to find for defendant was asked and refused by the court. The appellant railroad introduced its testimony showing that the train was properly and safely equipped, and that there were no defective ways or appliances, and that the train was not negligently handled; and it then again requested a peremptory instruction in its favor, which was refused, and the case

was submitted to the jury. A verdict of twenty thousand dollars was returned in favor of the plaintiff.

The appellant assigns and urges several errors of the lower court. The main contention urged for reversal is that the peremptory instruction asked by the railroad should haved been granted because the appellee failed to show any negligence on the part of the railroad, and that at all events appellee did not prove that the negligence of appellant proximately caused the injury of the deceased. This contention may be correct and would justify a reversal of the judgment if the appellee had no other ground upon which to rest the judgment. But it is unnecessary for us to pass upon this question, as our *prima facie* statute (section 1985 of the Code of 1906) is applicable to this case and comes to the aid of appellee as "a present help." The whole evidence in the case shows conclusively that the injury was inflicted by the running of the cars of appellant, and the burden was upon the railroad to explain the injury and show how it occurred. This was not done, and it appears that it could not be explained at the trial as no person knew how it occurred. The brief of counsel for the appellant contains this statement of fact:

"No person seemed to know just how the accident occurred. At all events no witness could be produced or was produced who saw the actual infliction of injury, but the testimony did show that the injured flagman stated that he had received his injury by reason of the fact that he had 'missed his hold.' As to when he 'missed his hold,' or as to what part of the train he was occupying at the time, or as to whether or not it was before or after he boarded the train, or as to what caused him to 'miss his hold,' and as to what he had hold of, the record is entirely silent, and no witness could be produced who could testify."

Therefore, the plaintiff having proved a case within the *prima facie* statute, and the defendant railroad having failed, to explain the injury, its negligence and liability

conclusively appeared as a matter of law, and the circuit judge should have peremptorily instructed the jury to find for the plaintiff; and, this being true, it follows that appellant cannot complain because the question of negligence vel non was submitted to the jury. *Alabama, etc., R. Co.* v. *Thornhill,* 106 Miss. 387, 63 So. 674. The jury found for the plaintiff, thereby doing what the court should have instructed it to do. The error of the lower court in instructing the jury that our *prima facie* statute did not apply in the case did not injure the appellant, but was favorable to it in permitting the case to go to the jury with the chance of a verdict for appellant.

Counsel for appellant urges that our *prima facie* statute (section 1985, Code of 1906) is not applicable in the case before us because this suit is governed by the federal Employers' Liability Act, and that the *prima facie* statute is not a rule of evidence, but that it is a substantive law and give a substantial right in conflict with the federal act. It is argued that the *prima facie* statute is a state law which in effect creates a liability by virtue of the presumption of negligence from the infliction of injury by the running of cars, and that this statute conflicts with the federal act in matters of substance affecting liability, and is not a mere rule of evidence. The recent case of *Louisville, etc., R. Co.* v. *Rhoda* (Fla.), 74 So. 19, is cited as authority for the position taken by the appellant. We have reviewed this case and several others cited by counsel, and, without entering into a discussion of the holding in the Florida case, we are clearly of the opinion that our *prima facie* statute is not in conflict with the federal act, but that it is a rule of evidence, the *lex fori,* and our state courts having concurrent jurisdiction with the federal courts of causes arising under the federal act the law of the forum must govern in the trial of such cases. The authorities cited by counsel fail to convince us that our beneficent *prima facie* statute is inapplicable to cases

under the federal act. We therefore announce here again that the statue (section 1985, Code of 1906) is applicable as a rule of evidence in the courts of our state, regardless of whether the cause of action arises under the federal act or the state law.

But the appellant contends here that, if the *prima facie* statute can be successfully invoked in this case, then the lower court erred in trying the case upon a different theory; that is, that the lower court tried the case and submitted it to a jury upon the theory that the plaintiff in the lower court had shown negligence on the part of the defendant as the proximate cause of the injury, and that she did not rely for recovery upon the *prima facie* statute. This position is untenable, for the reason that the plaintiff below did not cause the error made by the lower court in excluding the *prima facie* statute from consideration in the case, but the instruction telling the jury that the *prima facie* statute did not apply was granted at the instance of the defendant railroad company. Furthermore, the plaintiff below asked and obtained instructions not based upon any particular statement of facts in the case, but the court simply announced by instructions the proposition that, if the jury believed that the defendant was guilty of negligence which caused the injury, they should find for the plaintiff. This theory proceeded upon by the plaintiff did not preclude her from receiving the benefit of our *prima facie* statute. However, as we have said before, the appellant cannot complain because the case was submitted to the jury on the question of negligence *vel non,* as the court should have peremptorily instructed the jury, under all the testimony, to find for the plaintiff; and the only question that should have been left to their determination was the amount of the recovery. Therefore, as the jury did that which the court should have instructed it to do, and as there could have been but one

vedict as to liability, the submission of the case to the jury and the instructions complained of by the appellant could not affect the finding of liability in the case. Therefore there is no error in the finding of liability against the appellant.

This suit being under the federal act, the recovery of damages in the case is limited to the pecuniary loss to the mother and the damages for the pain and suffering of the deceased from the time he was injured until his death. It will be observed that the mother was sixty years of age, with a life expectancy of about fourteen years, and it appears from the testimony that the deceased, Mullins, her son, was contributing about fifty dollars per month to her support. This contribution to her support and the damages suffered by the deceased on account of the pain and suffering experienced by him is the measure of her recovery in the case. The deceased lived about nine hours after he was injured, and suffered more or less during that time. The jury returned a verdict of twenty thousand dollars, and it is urged by the appellant here that this amount is grossly excessive.

After a most careful consideration of this latter contention, we think it is well grounded, and that the verdict is excessive, under the law and facts in the case. It is easy for us to calculate the pecuniary loss to the mother at fifty dollars per month for fourteen years, her life expectancy, when paid in a lump sum, but it is rather difficult for us to measure with reasonable certainty the amount of recovery for the pain and suffering of the deceased between the time that he was injured and his death. But we think, taking the most favorable view of the appellee's case, from the testimony in the record, and following the cold rule of the federal law, the recovery should not be allowed to stand for more than twelve thousand five hundred dollars, the maximum

limit. If the appellee will enter a remittitur of seven thousand five hundred dollars, reducing the judgment to twelve thousand five hundred dollars, the judgment will be affirmed; otherwise it will be reversed, and remanded for a new trial on the question of the amount of damages only.

*Affirmed conditionally.*