New Orleans & N. E. R. Co. *v* Hanna.

[78 South 953, Division B.]

Courts. *State law. Federal Employer's Liability Act. Proof of negligence.*

Where a suit is brought under the Federal Employers' Liability Act (Act April 22, 1908, ch. 149, 35 Stat. U. S. Comp. Stat. 1916, sections 8657-8665), the burden is on the plaintiff to prove neg-

ligence, it being a matter of substance not subject to control by state law. In such case section 1985, Code 1906, as amended by Laws 1912, chapter 2155, our *prima-facie* statute does not apply.

Appeal from the circuit court of Lauderdale county. Hon. R. W. Heidelberg, Judge.

Suit by Mrs. O. T. Hanna, administratrix of O. J. Hanna, deceased, against the New Orleans and Northeastern Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Bozeman & Cameron,* for appellant.

Unless the plaintiff was entitled to the benefit of the Mississippi *prima-facie* statute (section 1985, Code of 1906, as amended by chapter 215, Laws of 1912) she wholly failed to make any case against the defendant.

To test this question and the applicability of the Mississippi *prima-facie* statute to a case governed and controlled by the Federal Employers' Liability Act, the defendant at the close of the plaintiff's testimony moved the court to exclude all of the testimony offered by the plaintiff and to direct the jury to return a verdict for the defendant for the reason that this was a suit under the act of Congress known as the Federal Employers' Liability Act, and that under the act the burden was upon the plaintiff to establish and prove that the injury and death sued for was proximately caused by some negligence on the part of the defendant, and because the plaintiff's testimony wholly failed to show what was the proximate cause of such injury and death and wholly failed to show what Hanna was doing at the time of his injury and death, or what caused him to fall from the train and be killed.

2nd. Because under said act of Congress, and in this case the plaintiff was not entitled to the benefit of the Mississippi *prima-facie* statute, or to the benefit of the statutory presumption of negligence from proof merely that the injury and death was caused by a running train or cars of the defendant.

3rd. Because the plaintiff's testimony wholly failed to make out any case against the defendant under said act of Congress. This motion was overruled by the court with the statement that in the opinion of the court the Mississippi *prima-facie* statute did apply.

At the conclusion of all the testimony the defendant requested the court for a peremptory instruction, which was refused and then requested the court in several different ways, to instruct the jury that this was a suit under the Federal Employers' Liability Act, and that the plaintiff was not entitled to the benefit of the Mississippi *prima-facie* statute.

On the contrary, the court instructed the jury on the request of the plaintiff, that if from all the testimony in the case they believed that Hanna was dead and that his death was caused by the running of the locomotive and the cars of the defendant, then the law presumed that such injury and death was caused by the want of reasonable skill and care on the part of the defendant railroad company.

Exceptions to the action of the court in overruling the defendant's motion to exclude the testimony and to the action of the court in refusing the foregoing instructions asked by the defendant, and in giving the instructions asked by the plaintiff were duly taken and reserved, both by motion for new trial and by special bill of exceptions.

It will be seen by the foregoing statement of facts and examination of the record in this case, that this is a case under the Federal Employers' Liability Act where the plaintiff's right to recover was absolutely

dependent upon whether or not the plaintiff was entitled to the benefit of the Mississippi *prima-facie* statute.

We are not unmindful of the fact that this court has expressly held in two or more recent cases that the *prima-facie* statute of Mississippi (section 1985, Code of 1906 as amended by chapter 215, Laws of 1912), is a rule of evidence merely and is not in conflict with the Federal Employers' Liability Act, and that it is applicable in a case brought in the state courts under that act of Congress. *No. & N. E. R. R. Co.* v *Scarlet,* 115 Miss. 285; *Y. & M. R. R. Co.* v. *Mullens,* 115 Miss. 343.

Still we recognize the fact that this is a federal question and that the ultimate and final decision rests with the federal supreme court. We are advised that several Mississippi cases are now pending in that court on appeal from this court involving this question, yet none of these cases heretofore appealed are so typical as the case at bar; and we trust that by the time this case shall be submitted to this court that the supreme court of the United States will have passed upon the federal question here involved, and that its decision will be in accord with the appellant's contention.

When that question shall be decided by the supreme court of the United States, it will of course be binding upon this court.

Although this court may not be inclined to again review the question or to reverse its holdings in the Scarlet case and in the Mullens case, we nevertheless desire again to submit to the court our contention as follows:

1. Negligence on the part of the carrier is an essential prerequisite to a recovery under the Federal Employers' Liability Act, which act is comprehensive and exclusive. *Southern Railway* v. *Gray.* 241 U. S.

338; *N. Y. C. R. R. Co.* v *Winnfield,* 244 U. S. 150; *Erie R. R.* v. *Winnfield,* 244 U. S. 172.

2. The burden of proving negligence on the part. of the employer is · upon the employee who seeks recovery for personal injury. 3 Elliott on Railroads, section 1309. And to entitle the employee to recovery, he must further show that the negligence or breech of duty was the proximate cause of the injury. 3 Elliott on Railroads, section 1310; *Canadian Pac. Ry. Co.* v *Thompson,* 232 Fed. 353.

3. The doctrine of *res ipsa loquitur* does not apply to actions under the Federal Employers' Liability Act. The happening of an accident which causes an injury to a servant represents no presumption of any negligence or wrongful act of the master. *Midland V. R. R. Co.* v. *Fulgham,* 191 Fed. 91; 104 C. C. A. 151.

4. The Mississippi *prima-facie* statute imposes liability upon the carrier for the personal injury or death of the employee by mere proof that the injury was caused by the running of the locomotive or cars of the carrier without proof of negligence. Section 1985, Code of 1906; Chapter 215, Laws of 1912, and Mississippi cases construing the same, particularly, *Hudson* v. *R. R. Co.* 95 Miss. 41; *Mobley* v. *R. R. Co.,* 100 Miss. 451; *Railway Co.* v. *Thornhill,* 106 Miss. 411.

5. The Mississippi *prima-facie* statute conflicts with the Federal Employers' Liability Act in this regard and deprives the defendant of a substantive right or defense arising under the federal act. *Central Vermont Lbr. Co.* v. *White,* 238 U. S. 507; *L. & N. R. R. Co.* v. *Rhoda,* 74 So. 19.

We respectfully submit therefore: That the court erred in overruling and denying the motion of the defendant at the close of the plaintiff's testimony to exclude all the testimony offered by the plaintiff and to direct a verdict for the defendant, because the said

testimony wholly failed to make a case against the
defendant under the Federal Employers' Liability Act.

2. That the court erred in refusing the premptory
instruction asked by the defendant at the conclusion
of all the testimony, because all of the testimony fail-
ed to show that the injury and death of Hanna was
proximately caused by any negligence on the part of
the defendant carrier and therefore, the plaintiff was
not entitled to recover under the Federal Employers'
Liability Act, upon which the cause of action was based.

*Amos & Dunn* for appellee.

Counsel for appellant, the railroad company, in their
brief in this case base their whole argument upon the
proposition that the testimony in this case was not
sufficient in the absence of the Mississippi *prima-facie*
statute to submit the case to the jury on the question
as to whether or not the death of Mr. Hanna was
proximately caused by the negligence of the railroad
company; and contend that the *prima-facie* statute is
not applicable in cases involving the Federal Employee's
Liability Act. We do not agree with counsel in either
of the contentions they make. In the case of *N. O. &
N. E. Railroad Company* v. *Scarlet,* 115 Miss. 287,
this court said: "Section 1985, Code of 1906, amended
by chapter 215, Laws of 1912, as construed in *Railroad
Company* v. *Thornhill,* 106 Miss. 387, deals not with
a substantive right but only with a rule of evidence
*Lumber Company* v *Pierce,* 106 Miss. 672, 64 So. 461,
Id. 235 U. S. 380. And since the *lex fori* governs
in all matters of procedure, the court below committed
no error in charging the jury in accordance therewith."

In the case of *Y. & M. V. Railroad Company* v.
*Mullens,* this court said: "We are clearly of the opinion
that our *prima-facie* statute is not in conflict with the
federal act, but that it is a rule of evidence, the *lex fori,*

and our state courts having concurrent jurisdiction with the federal courts of causes arising under the federal act, the law of the forum must govern in the trial of such cases. The authorities cited by counsel fail to convince us that our beneficent *prima-facie* statute is inapplicable to cases under the federal act. We therefore announce here again that the statute (section 1985, Code of 1906) is applicable as a rule of evidence in the courts of our state regardless of whether the cause of action arises under the federal act or the state law.

It therefore conclusively appears that the contention of counsel for the appellant, that the *prima-facie* statute is not applicable in cases arising under the Federal Employers' Liability Act, is unsound; but even if it were true that the *prima-facie* statute was not applicable in cases arising under the Federal Employers' Liability Act, still this case was properly submitted to the jury on the question of whether or not under the proof in the case, Mr. Hanna's death was proximately caused by the negligence of the defendant, and the court committed no error in submitting that question to the jury. *Kress* v *Marklin,* 77 So. 858.

Contributory negligence in this state is an affirmative defense, and must be pleaded and proven by the defendant, unless the testimony introduced for the plaintiff affirmatively establishes contributory negligence of the plaintiff or the deceased. Contributory negligence not only goes in mitigation of damages under our concurrent negligence statute. This question is ably discussed in Jones' Blue Book of Evidence, Vol. 2, sec. 185.

When, however, we apply the principles so clearly and forcibly announced in the *Kress case, supra,* to the facts of this case, we most earnestly submit that on the positive testimony in the record, even without the aid of the *prima-facie* statute the jury would have been

reasonably and amply warranted in finding that Mr. Hanna's death was caused by the proven negligence of the defendant railroad company in attempting to operate its train and cars at a time when the brake on the ballast car B449 was defective, as shown by the testimony.

If we be correct in these deductions from the testimony, then it is wholly immaterial on the facts of this case as to whether the *prima-facie* statute applies or not; because by the second instruction for the plaintiff in the court below, the court told the jury that if the proven facts establish the cause and manner of the injury and death, then the presumption of negligence yields to such established facts, and the question of whether such injury and death was caused by the negligence of the defendant must be determined from the facts and circumstances in evidence.''

We respectfully submit that the judgment of the court below ought to be affirmed.

Stevens, J., delivered the opinion of the court.

This suit was instituted by appellee, Mrs. O. T. Hanna, administratrix, against appellant railroad company, then engaged in interstate commerce, to recover damages for the alleged negligent killing of her husband, O. T. Hanna, a flagman employed in interstate commerce. The train upon which Hanna was serving as flagman left the Meridian yards about 4:25 a. m. March 30, 1916, and the deceased was last seen by the conductor as the train was leaving the Meridian yards. Hanna at that time was going out of the front door of the caboose with a lantern, and within a few hours his dead body was found lying near the railroad track some three miles from Meridian, badly mutilated evidently as the result of being run over by some train. On the trial of the case, there was evidence that one Thompson, a switchman, noticed a brake sticking on one of

the cars, and that he stepped on the rear of the caboose
as the train passed him, and informed the conductor
about the sticking brake, saying it was hitting the wheel.
Hanna without intimating his purpose, left the caboose
with a lantern in his hand and did not return.  When
the train stopped at Basic City to meet train No. 38 a
search was made for the flagman, but he could not be
found. The conductor thereupon requested the engineer of
train  No. 38, headed toward Meridian, to keep a lookout
for Hanna, and as a result Hanna's dead body was found
several miles out of Meridian.  There was no eyewitnes
who could tell how Hanna fell or was thrown from the
train.   There was some evidence that the cars were
examined, and that some blood was found spattered on
the bottom of the rods of a refrigerator car immediate-
ly behind the car whose brake is charged to have been
defective, and that there was blood on several of the
cars between the ballast car, charged to have been
defective, and the caboose.  There is evidence that the
conductor released the brake charged to have been work-
ing badly, so that this ballast car was no longer con-
nected with the air line, and remained in that condition
until it got to Hattiesburg. There is evidence tending to
show that this ballast car had a "bleeding" rod to release
the air brakes, on one side only, and that this rod  was on
the east side of the car, and that Hanna's dead body was
found mutilated and cut to pieces on the eastern side of
the track. On the trial of the case the plaintiff asked for
and received instruction No. 2, charging the jury that
if they believed from the evidence that Hanna was
killed by the running of the locomotive and cars, or
either, composing the train, "then the law presumes
that such injury and death was caused by the want of
reasonable skill and care on the part of the defendant
railroad company," etc.   And the court refused
instructions 2R, 3R, 4R, 5R, 6R, and 7R, attempting to
charge the jury repeatedly that the plaintiff was not

entitled to the benefit of section 1985, Code of 1906, as amended by chapter 215, Laws of 1912, our so-called *prima-facie* statute, and that in case mere proof of injury inflicted by the running of the engines or cars could not be taken as *prima-facie* evidence of the want of reasonable skill and care, but that the burden of proof was upon the plaintiff to show by the evidence and to the satisfaction of the jury "that Hanna's injury and death was proximately caused by some negligence of the defendant corporation; and, unless the plaintiff has shown this to your satisfaction by the testimony, then it is your duty to return a verdict for the defendant." The court was asked to instruct in different forms that the burden of proof was upon the plaintiff to show negligence, but all such instructions were refused. There was a verdict for the plaintiff in the sum of ten thousand dollars, and from the judgment based thereon the defendant appeals to this court.

This is admittedly a suit under the federal Employer's Liability Act, and, being so, this case is ruled by the very recent opinion of the supreme court of the United States in *New Orleans & Northeastern R. R. Co., and the United States Fidelity & Guaranty Co. Plaintiffs in Error,* v. *Cheney Harris, Administratrix of the Estate of Van Harris, Deceased, Defendant in Error* (decided June 3, 1918) 246 U. S. —, 38 Sup. Ct. 535, 62 L. Ed. —, a certified copy of the opinion of which is before us. The court, speaking through Mr. Justice McReynolds, holds that:

"The federal courts have long held that where suit is brought against a railroad for injuries to an employee resulting from its negligence, such negligence is an affirmative fact which plaintiff must establish," and "in proceedings brought under the federal Employers' Liability Act rights and obligations depend upon it and applicable principles of common law as

interpreted and applied in federal courts; and negligence is essential to recovery. . . . That the question of burden of proof is a matter of substance, and not subject to control by laws of the several states.''

Under this decision our *prima-facie* statute has no application to suits brought under the federal Employers' Liability Act. It necessarily follows that the granting to the plaintiff in this case of instruction No. 2, and the refusal to grant the defendant the instructions mentioned was error necessitating a reversal of the judgment rendered by the learned circuit court. The issue was not properly submitted to the jury. The judgment appealed from will be reversed, and the cause remanded for a new trial under proper instructions.

*Reversed and remanded.*