Yazoo & Mississippi Valley R. R. Co. *v.* McCaskell.

[79 South. 817, Division B.]

1. Master and Servant. *Federal Employers' Liability Act. State law raising presumption of negligence.*

Where a section hand was injured while standing near the track, by the falling of a cross tie from a running train engaged in interstate commerce, brought suit against the railroad company under the Federal Employers' Liability Act. (U. S. Comp. St. 1916, sections 8657-8665), he had the burden of proving negligence on the part of his master, the railroad company, since Code 1906, section 1985, as amended by the Laws of 1912, chapter 215, under which a presumption of negligence arises from the injury, has no application to such a case.

APPEAL from the circuit court of Tallahatchie county. HON. E. D/ DINKINS, Judge.

Suit by Robert McCaskell against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff on peremptory instruction, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. B. Mayes, W. E. Stone, Chas. N. Burch, H. D. Minor* and *John L. Exby,* for appellant.

*J. H. Caldwell,* for appellee. ·

STEVENS, J., delivered the opinion of the court.

Appellee, as plaintiff in the court below, sued to recover damages for personal injuries alleged to have been sustained while in the employ of the defendant company, and while engaged in repairing the defendant's track at a point near Cowart, in Tallahatchie county. Plaintiff alleged, and the proof tends to show, that he was working as a section hand when a freight train operated by appellant passed over the tracks at the point where the section crew were at work; that plaintiff got off the track and stood aside for the moving train to pass; that while said freight train, consisting of nine cars, one of which was loaded with cross-ties, was passing the section crew, the cross-ties on the moving car became loose and fell, or were thrown, from the moving train against the plaintiff, striking him on the head and back, knocking him down, and injuring him severely. Plaintiff in his declaration alleged that his injuries were due to the "careless, improper, and negligent loading and moving of said car," and also to the "rough and uneven track over which train was being run, or moved, at a rate of speed which rendered said movement dangerous and liable to cause the cross-ties and other freight carried thereon to be thrown therefrom, and to hurt and injure the plaintiff whose position was seen and known to the servants of the defendant in charge of said train.

The defendant filed the plea of general issue and two special pleas, one of which charged that the train was engaged in interstate commerce, and that the car loaded with cross-ties was being moved interstate, and further that plaintiff himself was engaged in working upon a track then being used in interstate commerce, and pleaded further that plaintiff as a section hand assumed all the risk of the injury complained of. The other special plea undertook to plead a settlement and release for the injuries complained of.

The case was presented to the court and jury, and the trial judge granted a peremptory instruction to find for the plaintiff, and the jury assessed the damages at one thousand dollars. From the judgment entered, appellant prosecutes this appeal, contending that the trial court erred in granting the peremptory instruction asked by the defendant, and that the court erred in granting the peremptory instruction, that the court erred in refusing the instructions asked by the defendant, and that the court on the trial of the case refused to allow appellant to amend its special plea by exhibiting and attaching the written release relied upon, but excluded said release from the consideration of the jury, because the same was not attached to the plea. The plaintiff upon the trial of the case objected to the introduction of any evidence as to the release because the same was not filed in accordance with section 735, Code of 1906. A motion for a new trial was made and overruled.

It is conceded by counsel for both parties that this cause "is admittedly governed by the federal Employers' Liability Act" (Act April 22, 1908, chapter 149, 35 Stat. 65 [U. S. Comp. St. 1916, sections 8657-8665]). The argument in the main on behalf of appellant is directed to the proposition that section 1985, Code of 1906, as amended by chapter 215, Laws of 1912, our *prima- facie* statute, has no application to this case, and that the erroneous application of this statute by

the learned trial judge led to the granting of the peremptory instruction complained of  At the time the trial court disposed of this case, the decision of the United States supreme court in the case of *N. O. & N. E. Railroad Co.* v. *Harris,* 247 U. S. 367, 38 Sup. Ct. 535, 62 L. Ed.——, had not been rendered, and the learned trial judge was accordingly justified in following the opinions rendered by this court in *Railroad Co.* v. *Scarlet,* 115 Miss. 285, 76 So. 265, and *Y. & M. V. Railroad Co.* v. *Mullins,* 115 Miss. 347, 76 So. 147. All controversy as to the application of the Mississippi statute has been settled by the supreme court of the United States in the Harris Case, and it follows that the granting of the peremptory instruction cannot be justified under the state statute or the failure of the defendant company to meet any presumption imposed by this statute.

It is contended by counsel for appellee that the doctrine of *res ipsa loquitur* applies in this case, while for appellant it is contended that under the federal Employers' Liability Act the burden of proving negligence is upon the plaintiff, and that the doctrine of *res ipsa loquitur* as between master and servant has no application in federal tribunals.

In the consideration of this case it is necessary, we think, to keep before us the testimony in the record. Tom Simmons, a witness for the plaintiff, gave positive testimony to the effect that the plaintiff was hurt "by a passing train there;" that "a car busted with a load of ties; the bandage busted on them in the car where the ties were." Certain testimony was introduced for the defendant. There is testimony tending to show that the train was moving at a speed approximately fifteen miles an hour; that the condition of the track was reasonably good; that the car of ties was loaded by Lamb-Fish Company, the shipper, and was not loaded by the employees of the railroad company. According to the plaintiff's testimony he was serious-

ly injured while exercising ·due care, and while in a position when an injury of this kind would not be expected. These are the prominent or vital facts, and about the only controlling facts shown by the record.

In cases arising under the federal Employers' Liability Act there can no longer be any dispute over the proposition that the burden of proof is upon the plaintiff to show negligence, and that the injuries complained of are the result of such negligence; further, as stated in the opinion of the court in the Harris Case:

"In proceedings brought under the federal Employers' Liability Act rights and obligations depend upon it and applicable principles of common law as interpreted and applied in federal courts; and negligence is essential to recovery."

It is not our purpose to undertake a discussion of the doctrine of *res ipsa loquitur,* or its application as between master and servant in federal tribunals. We content ourselves with what is perhaps the latest declaration of the supreme court of the United States that "the application of the doctrine to cases like that at bar is disputable" (*Great Northern Railroad Co.,* v. *Wiles,* 240 N. S., 444, 36 Sup. Ct. 406, 60 L. Ed. (732), and the prior statement of the federal supreme court in *Southern R. Co., Carolina Division,* v. *Bennett,* 233 U. S. 80, 34 Sup. Ct. 566, 58 L. Ed. 860, that "the instruction is critized further as if the judge had said *res ipsa loquitur,* which would have been right or wrong according to the *res* referred to." It was further pointed out in the last-named case that the mere fall of an engine through a burning trestle might not be sufficient to create a presumption of negligence, but that the attending circumstances or facts gave "proof of a defect in appliances which the company was bound to use care to keep in order, and which usually would be in order if due care was taken," and that such proof "was *prima-facie* evidence of neglect."

We assume that much depends upon the particular facts shown and reasonable inferences to be drawn therefrom. We are satisfied that the peremptory instruction granted the plaintiff in this case was erroneous, and that this error necessitates a reversal of the judgment appealed from. It is given in evidence that a standard on the car loaded with cross-ties broke, and as a consequence the ties fell, or were thrown, from the moving train. The question of negligence was a question for the jury under all the proven facts in the case.

It cannot be said that the defendant company owed no duty whatever to the plaintiff. or that the plaintiff assumed the risk of an injury produced by the positive negligence of the railroad company. It is important, we think, to keep in mind the fact that the plaintiff was lawfully upon the right of way and in close proximity to the moving train. He was at a place where he had a right to be, and where his duty placed him. The defendant company was under the general duty of exercising reasonable care in loading the car of ties, or of seeing by proper inspection that the shipper exercised reasonable care in preparing the car for shipment, and in a way to render improbable any injury to those lawfully on or along the track. Any discussion of the liability of railroad companies for injuries from falling objects would lead us into a large field. Some of the cases bearing on this liability of railroad companies are referred to in the note to *St. Louis, I. M. & S. R. Co.* v. *Jackson* (Ark.), in 31 L. R. A. (N. S.) 980.

There is no contention that the plaintiff in this case was injured by or through the work which he was actually engaged in; that is to say, the actual work of repairing the track; but his duties as a track man lawfully placed him in a position where he was injured by a moving train, with the operation of which he had nothing to do. In a technical sense the railroad com-

pany did not violate any duty which it as master owed to the plaintiff as its servant. But the plaintiff has room to contend that the railroad company owed him the same duty which it owed to every other person lawfully on the right of way, and as stated by the supreme court of Arkansas in *St. Louis, I. M. & S. R. Co.* v. *Neely,* 63 Ark. 636, 40 S. W. 130, 37 L. R. A. 616, "the railroad company owed him the duty to employ reasonable care to avoid injuring him." It was a question for the jury to determine whether the defendant was negligent in the loading or operation of the train from which the ties fell. There was perhaps something more shown in this case than the mere fact of injury. The plaintiff was injured by a falling tie. The testimony shows that the tie fell from a rapidly moving train of the defendant company, and the statements of plaintiff's witnesses that the ties were made to fall by reason of a broken standard might be said to be positive evidence of a defect in the instrumentality used by the defendant company in the loading and operation of its trains. There is nothing in the evidence, either for the plaintiff or the defendant, to indicate the size or character of this standard or the kind of material, and no evidence indicating that in the ordinary operation of trains standards supporting loads of lumber or cross-ties occasionally broke. The main inquiry is whether the defendant failed to observe that degree of inspection and care which the circumstances demanded. This principle was recognized by the supreme court of the United States in *Fletcher* v. *Baltimore & Potomac Railroad Co.,* 168 U. S. 135, 18 Sup. Ct. 35, 42 L. Ed. 411, a case in which the plaintiff was injured by falling firewood or timber thrown from the train by the employees of the railroad company. Paragraph 2 of the syllabi states, we think, the true rule:

"A railroad company is bound to use ordinary care and caution to avoid injuring persons and property which may be near its track."

In that case it was held· that, even though the custom of permitting the employees of the railroad company to transport for their own use firewood and throw the same from the trains was shown, "whether it was negligence or not for the company to permit it under all the circumstances was a question to be decided by the jury, and not by the court." So we say here that, under any view of the plaintiff's case, it was a question for the jury, and not for the court.

In the disposition of this appeal it is unnecessary for us to rule on the alleged error of the trial court in refusing to allow the defendant to amend its special plea, so as to exhibit and file the written release alleged to have been executed by the plaintiff, except to say that, inasmuch as this cause must be retried, we think the defendant should be given the opportunity to amend its pleadings in a way to present this issue in proper form when the cause is again tried. It is unnecessary to pass upon the several instructions refused the defendant. For the error of the court in granting the plaintiff the peremptory instruction, the judgment of the trial court will be reversed, and the cause remanded for a new trial in harmony with the views here expressed.

*Reversed and remanded.*