## YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY ET AL. *v.* MULLINS, ADMINISTRATRIX OF MULLINS.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 273.   Argued March 21, 1919.—Decided April 21, 1919.

A state law relieving the plaintiff of the burden of proving negligence is constitutionally inapplicable to a case under the Federal Employers' Liability Act. P. 532.   *New Orleans & Northeastern R. R. Co.* v. *Harris,* 247 U. S. 367.

For the purpose of determining whether error was prejudicial, this court will examine the whole record, leaving state questions to the decision of state courts in cases coming from them.  P. 533.

A flagman was injured while engaged in switching an interstate train. *Held,* that the railroad company was not under an absolute duty to furnish him a safe place for the performance of his duties, but was merely bound to use reasonable care. *Id.*

115 Mississippi, 343, reversed.

THE case is stated in the opinion.

*Mr. Charles N. Burch,* with whom *Mr. H. D. Minor* was on the briefs, for plaintiffs in error.

*Mr. Marion W. Reily,* with whom *Mr. Thomas G. Fewell* was on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Mullins, a flagman on the Yazoo & Mississippi Valley Railroad, was injured while engaged in switching an interstate train.   He died within a few hours; and his administratrix brought suit in a state court of Mississippi

under the Federal Employers' Liability Act. At the trial
the Railroad requested a directed verdict on the ground
that there was no evidence of negligence on its part. This
request was refused; the case was submitted to the jury
under instructions, some of which were objected to; and
the verdict was for the plaintiff. Upon appeal from the
judgment entered thereon the Supreme Court of Missis-
sippi refused to consider the question of sufficiency of the
evidence of negligence; and affirmed the judgment on the
ground that the so-called "Prima Facie Act" of Missis-
sippi (§ 1985 of the Code of 1906, as amended by c. 215,
Laws 1912, p. 290), as to which the trial court had given
no instruction, applied and relieved the plaintiff of the
burden of establishing negligence. 115 Mississippi, 343.
The case comes here by writ of error under § 237 of the
Judicial Code, as amended by the Act of September 6,
1916, c. 448, 39 Stat. 726.

Since the decision below, this court has decided that
the Mississippi "Prima Facie Act" cannot be applied to
suits under the Federal Employers' Liability Act, *New
Orleans & Northeastern R. R. Co.* v. *Harris,* 247 U. S. 367;
and the Supreme Court of Mississippi now recognizes this
rule. *New Orleans & Northeastern R. R. Co.* v. *Hanna,*
78 So. Rep. 953. The administratrix contends that, as
the trial court did not give any instruction concerning the
"Prima Facie Act," the error of the Supreme Court in
resting its decision on that statute should not prevent an
affirmance of the judgment below, because the Railroad
was not prejuduced by the error.

It is true generally in cases coming from lower federal
courts that the rendering of an erroneous decision on a
particular question, *Fidelity & Deposit Co.* v. *Courtney,*
186 U. S. 342, 351; *West* v. *Camden,* 135 U. S. 507, 521;
or the assignment by the lower court of an erroneous
reason for a right decision; *Seaboard Air Line Ry.* v.
*Moore,* 228 U. S. 433, 435; *United States* v. *One Distillery,*

174 U. S. 149, 151; will not entitle the complaining party to reversal, if it is clear that his rights were not prejudiced thereby. And this is likewise true of cases coming from state courts. *Chicago, Rock Island & Pacific Ry. Co.* v. *Wright,* 239 U. S. 548, 551; *New York, Philadelphia & Norfolk R. R. Co.* v. *Peninsula Exchange,* 240 U. S. 34, 41–42. See *Murdock* v. *City of Memphis,* 20 Wall. 590. Whether the case comes from a state court or a federal court, this court will, for the purpose of determining whether the error found may have been prejudicial, examine the whole record; state questions being left to the decision of the state court in cases coming here from those courts.

But we cannot say here that the rights of the Railroad were not prejudiced by the error of the Supreme Court of Mississippi. It may be, as contended by the administratrix, that there was sufficient evidence of negligence to go to the jury, and that the general instructions concerning negligence were proper. But the trial court also instructed the jury that "It was the absolute duty of the defendant to furnish the deceased with a safe place to perform the duties incident to his employment." It is clear that, under the circumstances of this case, the duty was not an absolute one; there was merely a duty to use reasonable care. *Chicago & Northwestern Ry. Co.* v. *Bower,* 241 U. S. 470; *Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492; *Choctaw, Oklahoma & Gulf R. R. Co.* v. *Tennessee,* 191 U. S. 326, 331. As examination of this record does not convince us that the admitted error was harmless, the judgment of the Supreme Court of Mississippi is reversed. The questions presented being properly here on writ of error, the petition for a writ of certiorari is denied.

*Reversed.*