# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MISSISSIPPI

## AT THE

## OCTOBER TERM, 1919.

YAZOO & M. V. R. Co. *v.* MULLINS.

[83 South. 1, In Banc. No. 19420.]

MASTER AND SERVANT. *Injuries to servants. Prima-facie evidence of negligence.*

> In a suit brought under the Federal Employer's Liability Act (U. S. Comp. Stat., Sections 8657-8665) for the death of a flagman, killed while employed on a train, Code 1906, section 1985, as amended by Laws 1912, chapter 215, making the infliction of an injury by a running train *prima-facie* evidence of negligence does not apply.

APPEAL from the circuit court of Adams county.
HON. R. E. JACKSON, Judge.
On motion to reverse and dismiss. Former judgment .(115 Miss. 343, 76 So. 147) set aside, and cause reversed and remanded for new trial, in accordance with the opinion of the supreme court of the United States (249 U. S. 531, Sup. Ct., 63 L. Ed. 754).
The facts are fully stated in the opinion of the court.

*Wells, May & Sanders, Ratcliff & Kennedy, C. N. Burch* and *H. D. Minor,* for appellant.

*Reiley & McCall,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

One Mullins was a flagman on the Yazoo & Mississippi Valley Railroad, and was injured while employed on an interstate train, and died from the injuries received by him, and suit was brought by his administratrix under the federal Employers' Liability Act (Act April 22, 1908, chapter 149, 35 Stat. 65 [U. S. Comp. St., section 8657-8665) in the state court, and judgment recovered in the state court for twenty thousand dollars, which case was affirmed, with a *remittitur,* by this court, and reported in 115 Miss. 343, 76 So. 147, and from the judgment of affirmance by this court an appeal was prosecuted to the United States supreme court, where the judgment of this court was reversed for reasons stated in the opinion of the United States supreme court in the case of *Y. & M. V. Railroad et al. v. Mullins Administratrix,* 249 U. S. 531, 39 Sup. Ct. 368, 63 L. Ed. 754.

When the case was before this court before, the court held that the *prima-facie* statute (section 1985, Code 1906, as amended by chapter 215, Laws 1912) applied to the cause, and that the railroad company had not made sufficient showing of the facts to overturn the *prima-facie* proof imposed by said statute. The court below refused an instruction based on the *prima-facie* statute. The court below also gave an instruction for the plaintiff: "It was the absolute duty of the defendant to furnish the deceased with a safe place to perform the duties incident to his employment."

The United States supreme court, in reversing this case, said: "Whether the case comes from a state or a federal court, this court will, for the purpose of determining whether the error found may have been prejudicial, examine the whole record; state questions being left to the decision of the state court in cases coming here from those courts. But we cannot say here that the rights

of the railroad were not prejudiced by the error of the supreme court of Mississippi. It may be, as contended by the administratrix, that there was sufficient evidence of negligence to go to the jury, and that the general instructions concerning negligence were proper. But the trial court also instructed the jury that 'it was the absolute duty of the defendant to furnish the deceased with a safe place to perform the duties incident to his employment.' It is clear that, under the circumstances of this case, the duty was not an absolute one; there was merely a duty to use reasonable care."

The instant case was affirmed by this court prior to the decision of the United States Supreme Court in *N. O. & N. E. Railroad Co.* v. *Harris*, 247 U. S. 367, 38 Sup. Ct. 535, 62 L. Ed. 1167, and the decision of this court in *N. O. & N. E. Railroad Co.* v. *Hanna*, 78 So. 953, which cases hold that the Mississippi *prima-facie* statute does not apply to suits under the Federal Employers' Liability Act. Motion was made by the appellant asking us to now reverse and dismiss the suit because of the insufficiency of the evidence, and a motion was made by the appellee to reverse and remand for a new trial for the errors indicated by the supreme court of the United States.

The former judgment of affirmance is set aside, and the cause reversed and remanded for a new trial in the court below, in accordance with the opinion of the supreme court of the United States.

*Reversed and remanded.*