## YAZOO & M. V. R. CO. *v.* MULLINS.

[87 South. 490. No. 21462.]

1. SUFFICIENCY OF EVIDENCE.
   In a suit for death by negligence of railroad, *held*, that evidence was sufficient to support verdict by reasonable inferences drawn from facts and circumstances.

2. NEGLIGENCE. *Instruction on diminishment of damages for contributory negligence held erroneous.*
   An instruction on diminishment for contributory negligence which told the jury to award such damages as bears the same proportion to the damages which would have been recoverable had not deceased been guilty of negligence that the negligence of deceased bears to the combined negligence of deceased and defendant is erroneous.

APPEAL from circuit court of Adams county.

HON. R. L. CORBAN, Judge.

Action by Mrs. Clara J. Mullins against the Yazoo & Mississippi Valley Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed as to liability, and reversed as to damages only.

*Chas. N. Burch, H. D. Minor,* and *Ratcliff & Kennedy,* for appellant.

The court erred in instructing the jury as to contributory negligence. We feel so clear after a careful reading of the record in this case that a directed verdict should have been given that we hesitate to further prolong this brief. Independent, however, of what we have said above there is a clear error in the instruction to the jury relative to contributory negligence. At the request of the plaintiff the court charged the jury as follows:

"The court instructs the jury for the plaintiff: That even though the jury may believe that the plaintiff was

guilty of negligence which proximately contributed to the injuries sustained by him, that this fact would not prevent the plaintiff from recovering in this case, providing the jury further believe from a preponderance of the evidence in this case that defendant was guilty of such negligence as proximately contributed to and was one of the proximate causes of the injuries sustained by Mullins. But that should the jury believe that Mullins and the defendant were both guilty of such negligence as proximately contributed to and caused the injuries sustained by Mullins, that the jury should in that event, not award to the plaintiff the full amount of damages otherwise recoverable in this suit, but should award her an amount which bears the same proportion to the damages which would have been recoverable in this suit had not Mullins been guilty of negligence, that the negligence of Mullins bears to the combined negligence of Mullins and the defendant.

Under this instruction, if the jury had found that both the plaintiff and defendant were guilty of negligence and that two-thirds of the combined negligence was attributable to Mullins and one-third to the Railroad Company, and if the jury had further concluded that the plaintiff's total damages were fifteen thousand dollars then the jury would award two-thirds of fifteen thousand dollars or ten thousand dollars as the damages which the plaintiff could recover. In other words, under this instruction the greater contributory negligence of Mullins the greater amount he would recover, and the less the contributory negligence of Mullins the less amount he would recover.

As said by the supreme court in *Norfolk & Western R. R. Co.* v. *Earnest,* 229 U. S. 114: "The statutory direction that the diminution shall be in proportion to the amount of negligence attributable to such employee means, and can only mean that, where the casual negligence is partly attributable to him and partly to the carrier, he shall not recover full damages, but only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the en-

tire negligence attributable to both; the purpose being to abrogate the common-law rule completely exonerating the carrier from liability in such a case, and to substitute a new rule, confining the exoneration to a proportional part of the damages, corresponding to the amount of negligence attributable to the employee."

In *Seaboard Air Line R. Co.* v. *Tilghman,* 237 So. 499, the jury were instructed that they should determine the full amount of damages sustained by the plaintiff and deduct from that whatever amount you think would be proper for the contributory negligence.   The supreme court held this instruction erroneous, for reason that it committed to the jury the diminution of damages without stating the standard of diminution prescribed by the Federal Employer's Liability Act, the only standard according to the instruction being whatever the jury's own conception of reasonableness might be.   In the last mentioned case the court said:

"It means, and can only mean, as this court has held, that, where the casual negligence is attributable partly to the carrier and partly to the injured employee, he shall not recover full damages, but only a diminished sum bearing the same relation to the full damages that the negligence attributable to the carrier bears to the negligence attributable to both; the purpose being to exclude from the recovery a proportionate part of the damages corresponding to the employee's contribution to the total negligence, *Norfolk & W. R. Co.* v. *Earnest,* 229 U. S. 111, 122, 57 L. Ed. 1096, 1101, 33 Sup. Ct. Rep. 654, Ann. Cas. 1914C. 172; *Grand Trunk Western R. Co.* v. *Lindsay,* 233 U. S. 42, 49, 58 L. Ed. 838, 842, 34 Sup. Ct. Rep. 581, Ann. Cas. 1914C, 168.

At the trial the court instructed the jury that, if they found the plaintiff was injured through the concurring negligence of the railway company and himself, they should determine the full amount of damages sustained by him, and then deduct from that whatever amount you think would be proper for his contributory negligence.  This

was reiterated in different ways and somewhat elaborated, but the fair meaning of all that was said was that a reasonable allowance or deduction should be made for the plaintiff's negligence, and that it rested with the jury to determine what was reasonable. No reference was made to the rule of proportion specified in the statute, or to the occasion for contrasting the negligence of the employee with the total casual negligence as a means of ascertaining what portion of the full damages should be excluded from the recovery. On the contrary, the matter of diminishing the damages was committed to the jury without naming any standard to which their action should conform, other than their own conception of what was reasonable. In this there was a failure to give proper effect to the part of the statute before quoted. It prescribed a rule for determining the amount of the deduction required to be made, and the jury should have been advised of that rule and its controlling force.

It results that the objection to the instruction upon this subject was well taken and should have been sustained. *Seaboard Air Line R. Co.* v. *Tilghman,* 237 U. S. 499; Roberts Federal Liabilities of Carriers, sec. 584.

The vice of the instruction as given by the court in the instant case is that it allows the plaintiff to recover in the proportion plaintiff's negligence bears to the combined negligence, whereas the instruction should have been to diminish the recovery in the proportion that the plaintiff's negligence bears to the combined negligence.

The matter has been very accurately stated by the supreme court of Pennsylvania in *Waina* v. *Pennsylvania Co.,* 251 Pa. 213, 96 Atl. 461, as follows: "If the issue of the defendant's negligence is determined in favor of the plaintiff, then the jury should consider whether or not he, too, was guilty of negligence directly contributing to the happening of the accident, and, if they decide that issue against the plaintiff, then, looking at the combined negligence of the plaintiff and defendant as a whole, and using their best judgment based on the evidence before them,

the next material subject for the jury to consider is in what ratio should this combined negligence be distributed between the parties to the accident; in other words, how much, or what proportion, of the whole blame, or fault, should be attributed to each. After this problem is solved, the jury must determine the amount of the damages suffered through the combined negligence, and deduct therefrom a proportion corresponding with the measure of negligence charged against the defendant to be awarded as damages to the plaintiff."

The Federal Employer's Liability Act provides that in case of contributory negligence, the damages should be diminished by the jury in proportion to the amount of negligence attributable to such employee.

In the instruction as given by the court in the instant case the jury is told not that the damages should be diminished in proportion to the amount of negligence attributable to the employee, but that damages are to be recovered in proportion to the amount of negligence attributable to the employee.

This error is so plain and patent that in the absence of all else the case must be reversed.

*M. W. Reiley,* for appellee.

As to instruction touching diminution of damages. The instruction given was clearly erroneous. It was never intended by counsel for appellee that such an instruction should be given to the jury and I had no knowledge of it having been given until I received the brief of opposing counsel. However it is in the record.

But is the appellant in a position to complain? No plea on contributory negligence was filed. Under section 744 of the Code of the state of Mississippi this plea must have been filed to enable the appellant to get any benefit from the contributory negligence of Mullins. Therefore, since no plea of contributory negligence was filed, the appellant was not entitled to have the jury told that the negligence,

if any, of Mullins would warrant a diminition of damages.

This being true, the appellant had the benefit of an instruction that was more favorable to it than its position justified it in receiving. If this is true under a long line of Mississippi decisions appellant cannot now complain. See the case of ——— v. ———, 36 S. C. 185, wherein the same rule is announced by the supreme court of the United States in a case under the act now in hand.

The question of the necessity of filing of special plea or notice under the general issue of contributory negligence was a matter of practice and procedure and the procedure of this state will be followed. See *K. C. Ry. Co. v. Jones,* 60 L. Ed. 943.

Under this Mississippi Statute (Law 1910, chap. 135) touching contributory negligence and the decisions construing that act, a defendant is required to plead the alleged contributory negligence and then ask for proper instructions informing the jury of the contributory negligence of the plaintiff. See *Lindsay Wagon Co. v. Nix,* 108 Miss. 814, 67 So. 459. In the case at bar the appellant sat idly by he failed to ask any instruction on the point under consideration and now when the jury had returned a verdict and the case is here for review, appellant complains that the court fell into error but that appellant failed to call the attention of the court to that fact by asking for and obtaining a proper instruction. I submit that even though the court may think that the case should be reversed for proper assessment of damages that certainly under no view of the case should the finding of the jury as to liability be disturbed.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the circuit court of Adams county, wherein the plaintiff, Mrs. Clara J. Mullins, administratrix of the estate of James Davis Mullins, deceased, recovered a judgment of ten thousand dollars against the

appellant railroad company on account of fatal injuries sustained by said James Davis Mullins on October 14, 1915, while employed as a flagman by said railroad company and while boarding or mounting a train at Harriston, Miss.

This is the second appeal in the cause. The opinion of this court on the first appeal is reported in *Y. & M. V. R. R. Co.* v. *Mullins,* 115 Miss. 343, 76 So. 147. From a judgment of affirmance on the first appeal the case was taken to the supreme court of the United States on a writ of error, and by it reversed on the grounds that our *prima facie* negligence statute (section 1985, Code of 1906; section 1645. Hemingway's Code) does not apply in cases under the Federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665), and that an instruction to the jury on the duty of the master to furnish a safe place to work was erroneously granted. See *Y. & M. V. R. R. Co.* v. *Mullins,* 249 U. S. 531, 39 Sup. Ct. 368, 63 L. Ed. 754. Upon the mandate of the United States supreme court this court set aside its former judgment and reversed and remanded the case for a new trial in the lower court in accordance with the opinion of the federal supreme court. See *Y. & M. V. R. R. Co.* v. *Mullins,* 120 Miss. 662, 83 So. 1.

When the case was again tried in the lower court, the plaintiff introduced some new proof with reference to the proximate cause of the injury, in addition to the evidence introduced at the former trial. There was a verdict in favor of the plaintiff for ten thousand dollars, from which this appeal is prosecuted.

Appellant assigns several grounds for reversal, but we find no merit for discussion in any of them, except two, namely: It is contended that the evidence was insufficient to support the verdict of the jury, in that it failed to show that the negligence of the railroad company was the proximate cause of the injury; and, second, that the court erred in granting plaintiff the following instruction:

"The court instructs the jury for the plaintiff that, even though the jury may believe that the plaintiff was guilty of negligence which proximately contributed to the injuries sustained by him, this fact would not prevent the plaintiff from recovering in this case, providing the jury further believes from a perponderance of the evidence in this case that the defendant was guilty of such negligence as proximately contributed to and was one of the proximate causes of the injuries sustained by Mullins, but that, should the jury believe that Mullins and the defendant were both guilty of such negligence as proximately contributed to and caused the injuries sustained by Mullins. the jury should, in the event, not award to the plaintiff the full amount of damages otherwise recoverable in this suit, but should award her an amount which bears the same proportion to the damages which would have been recoverable in this suit had not Mullins been guilty of negligence that the negligence of Mullins bears to the combined negligence of Mullins and the defendant."

After an extended and careful consideration of the first point presented by appellant, we have reached the conclusion, by a divided court, that the evidence in the case was sufficient to sustain the verdict of the jury. Without discussing the testimony of the case in detail, we deem it ample to say that from all the facts and circumstances in proof, and by reasonable inferences drawn therefrom, the jury was justified in finding that the injury resulted proximately from the negligence of the railroad company. Therefore the judgment as to liability of the appellant is affirmed, Justices W. H. Cook, Ethridge, and Holden being of this opinion, and Justices Smith, Sam C. Cook, and Sykes being of the opinion that the appellant is not liable, as to proximate cause, under the evidence in the case. On all other questions presented by the appeal the court is unanimous.

The granting of the instruction to the plaintiff on the question of diminishment of damages on account of contributory negligence of the deceased was obvious error, for

which we must reverse and remand the case for the assessment of damages only. This procedure is permissible under the case of *Norfolk Southern R. R. Co.* v. *Ferebee,* 238 U. S. 269, 35 Sup. Ct. 781, 59 L. Ed. 1303.

Affirmed as to liability, and reversed as to damages only.

*Affirmed.*
*Reversed.*

SMITH, C. J., and SAM C. COOK and SYKES, JJ., concur.