FRANK E. ROBINSON vs. JOSEPH H. CUTTER. ·

Suffolk.    March 15, 1895. — April 2, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Contract — Evidence — Notice to produce — Witness — Discretion of Judge —*
*Frivolous Exceptions — Double Costs.*

At the trial of an action for breach of a contract, the defendant having put in evidence what purported to be a letter to himself signed by the plaintiff, and having asserted that this was all of the letter which he received at the time, though at other times he had received other letters from the plaintiff, the judge allowed the plaintiff to show that the paper produced did not contain the whole of the letter as written, and that something material had been cut off from the top. *Held*, that the evidence was competent, and that it was not necessary for the plaintiff to give notice to produce other letters.

At the trial of an action in the Superior Court, the judge may properly allow the plaintiff to testify that, at the former trial of the case in the Municipal Court, a witness, who was also a witness at the trial in the Superior Court, was present of his own accord, and without a request from the plaintiff.

CONTRACT, to recover damages for breach of an agreement to hire the plaintiff as a carriage wood-worker. Trial in the Superior Court, before *Sheldon*, J., who, after a verdict for the plaintiff, allowed a bill of exceptions, in substance as follows.

It was admitted that the plaintiff had worked a few weeks under the written contract, which was that the defendant agreed to pay the plaintiff, " for services which he may render as a carriage wood-worker, the amount of thirty cents for each and every hour, with full time for one year " from its date, July 6, 1891; and that subsequently the plaintiff had been laid off, the defendant agreeing to make good any loss of wages.

The defendant introduced evidence to show that he had sent for the plaintiff to come to work for him, but that the plaintiff had refused to go to work, and had subsequently left at the house of the defendant a letter as follows: " As it now stands, I think it would be better for me to remain where I am, so send you word to save you sending a team after tools. Hoping you will lose nothing by waiting this length of time, I remain yours respectfully, F. E. Robinson."

The defendant testified that this was all of the letter which

he had received at that time, but that there were other letters written by the plaintiff to him.

The plaintiff denied writing or sending the letter at this time, while he admitted that he at some time had written and sent it.

In rebuttal, he introduced evidence to prove that the letter was part of a letter which had been written and deposited in the mail with postage prepaid, enclosed in an envelope addressed to the defendant on July 2, 1891, four days previous to the date of the contract in evidence; that the letter was a part of the original negotiations which led up to the contract of July 6, 1891, and that upon the evening of the same day upon which the letter was sent, the defendant called upon him, and said: " I received your letter; I cannot put up the fifty dollars, but I will give you a contract in writing for a year "; to which the plaintiff assented, and which finally resulted in the contract declared upon.

One Blood testified that he was a schoolmaster, and brother in law of the plaintiff; that in the latter days of June and early days of July, 1891, he was making his home with his sister at the house of the plaintiff; that he was present at the time the letter in question was written ; that he could not remember whether he read it or it was read to him, but that he remembered distinctly to have seen the sheet of paper upon which the letter was written ; that it was a full half-sheet, and might have been a double sheet; that he remembered distinctly that it began with a date and address, and that the paper produced by the defendant appeared to be part of this letter, but was not the whole of it; that apparently a part of it had been cut away, and that he could see one or two marks at the top of the letter produced which looked to him like the loops of letters belonging to words which had been written upon a line above, and subsequently cut off.

The plaintiff then offered oral evidence of the contents of the whole of that letter, no notice having been given, and no demand having been made at the time of the trial, to produce the original letter.

Alice W. Robinson, the wife of the plaintiff, testified that she was present when the plaintiff, on July 2, 1891, at his house,

wrote to the defendant the letter referred to; that she read it, and knew its contents; that the paper produced by the defendant was not the whole of the letter written; that she could see one or two marks on the part produced which looked like loops from words which had been written on a line above the words written upon the paper produced; that the paper upon which her husband had written said letter was a longer sheet, and that it appeared that a portion of said paper and the writing had been cut off. She was then asked to state what the contents of the letter were. The counsel for the defendant objected, but his objection was overruled, and he excepted. The witness testified from memory that she knew that the letter was dated, that it read, "Joseph H. Cutter, — Dear Sir: If you will deposit $50, to be forfeited in case you break your agreement to give me work, then I might talk with you"; that he stated too that one Henderson had offered to raise his pay after a certain date; that she was not positive when, but she thought January 1; and that he was sure of steady work there. And he said, "As things now stand, I think it would be better for me to remain where I am," etc.

The plaintiff, in rebuttal, stated that the letter in question was written on July 2, 1891. He further testified, in substance, as Alice W. Robinson and Blood had testified, and under the same objection gave his testimony, to which the previous exception applied, as follows: "I said in this letter to Mr. Cutter, that if he would deposit $50 in the bank, to be forfeited in case he failed to keep his agreement with me, I would talk with him farther, and then went on and wrote this which has been offered here: 'As things now stand,' or 'As it now is,' as it reads here."

The case was first tried in the Municipal Court of the City of Boston. It appeared at the trial in the Superior Court, that Blood was present and testified regarding the letter in question, but that the plaintiff's wife was not present, and did not testify at the trial in the lower court.

The plaintiff was asked to state to the jury how it happened that his wife was not present at the trial in the lower court. To this question the defendant objected. The purpose of the plaintiff's counsel in having the question put was to enable him

to argue to the jury that the reason for the absence of Mrs. Robinson at the trial in the lower court was, that the plaintiff had no expectation that the letter in question would be in evidence, nor that the defendant would contend that it was written at any time subsequent to the date of the contract. The judge ruled that that argument would be open to the plaintiff as well without putting the question, and excluded the question. The plaintiff was then asked, " How did it happen that Mr. Blood was there? " — meaning at the trial in the lower court. The counsel for the defendant objected, his objection was overruled, and he asked the judge for an exception. The judge refused to grant an exception, on the ground that it was a matter of his discretion as to the extent to which collateral matters and incidental matters could be gone into. The judge did allow an exception to the refusal to grant an exception to the previous question. The answer to the question was, " He came in for the fun of it, to hear the last half of the trial; he was not present during the whole trial, and I had not asked him to be there."

*N. F. Hesseltine*, for the defendant.

*W. M. Noble*, for the plaintiff, was not called upon.

ALLEN, J. The defendant having put in evidence what purported to be a letter to himself, signed by the plaintiff, and having asserted that this was all of the letter which he received at that time, though at other times he had received other letters from the plaintiff, it was proper for the court to allow the plaintiff to show that the paper produced did not contain the whole of the letter as written, and that something material had been cut off from the top. In was not necessary for the plaintiff to give notice to produce other letters.

The court might properly allow the plaintiff to testify that at the former trial of the case in the Municipal Court the witness Blood was present of his own accord, and without a request from the plaintiff.

The plaintiff moves for double costs on the ground that the defendant's exceptions are frivolous. This motion is granted.

*Exceptions overruled, with double costs.*