JOHN J. LANG *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   January 8, 9, 1912. — May 20, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Negligence,* Street railway.   *Evidence,* Materiality.   *Practice, Civil,* Conduct of trial, Exceptions.

At the trial of an action against a street railway company for personal injuries alleged to have been received by the plaintiff by being run into by a street car of the defendant, evidence of the length of time that the motorman had been in the defendant's employ as a motorman and of the amount of instruction he had received is immaterial and inadmissible upon the questions of what the motorman did and whether what he did was negligent.

If a judge presiding at a trial admits evidence of the plaintiff which was improper for the jury to consider and in doing so makes to the jury a statement as to its significance which is incorrect, and later in his charge correctly states the law with regard to the significance of the evidence but does not withdraw the evidence from the jury nor expressly withdraw his incorrect statement made when it was admitted, and the jury find for the plaintiff, it cannot be known which statement of the judge the jury followed and therefore an error prejudicial to the defendant has been committed and an exception by him will be sustained.

TORT for personal injuries from being run into by a street car of the defendant on Devonshire Street in Boston, the declaration being in a single count and alleging as the cause of the injuries "negligence and carelessness of the defendant, its servants, agents or employees." Writ dated July 20, 1907.

In the Superior Court the case was tried before *King,* J. The defendant excepted to the admission of evidence as to the length of time of the employment of, and the extent of instructions given to the motorman in charge of the car which ran into the plaintiff, and to the admission of testimony of the plaintiff that he was in business as a photographer, that he had an "average income" for several years previous to the accident which amounted to from $50 to $75 or $100 per week and also that by reason of his injury he was unable to fulfil a contract with a committee of a high school graduating class for photographs.

The jury found for the plaintiff in the sum of $550; and the defendant alleged exceptions.

*F. M. Ives,* for the defendant.

*J. H. Baldwin,* (*C. Toye* with him,) for the plaintiff.

HAMMOND, J. One of the questions was whether in the circumstances of the collision between the plaintiff and the defendant's car the motorman was negligent. That was to be determined by his acts either of commission or omission. Upon the questions what those acts were and whether they or any of them were negligent, the length of time he had been in the defendant's employ as a motorman and the nature and amount of his instructions were entirely immaterial and the evidence upon those matters was wrongly admitted. The defendant seasonably excepted to its admission. It is suggested by the plaintiff that putting an inexperienced or incompetent person in the position of a motorman might be of itself evidence of the defendant's negligence. But unless there was evidence of negligence in the conduct of the motorman the negligence of the defendant in employing him did not contribute to the accident and therefore was immaterial.

It is further argued by the plaintiff that the error, if any, was corrected by the words of the presiding judge to the jury. It appears that after the evidence had been admitted and during the further cross-examination of the motorman by the plaintiff, the presiding judge remarked to the jury upon the bearing of the evidence as follows: "The company was represented by the motorman, so far as the running of the car under the direction of the conductor. Now if the motorman was not careless, not lacking in due care, it is not of the slightest importance how many days had intervened since he had ceased receiving instructions from an inspector, or whatever may be the name of the official that accompanied him and gave him instructions, whether a day or a year. If he was not careless, it is certainly of no importance. But I have let the evidence in as to how long he had been there, and it may or may not throw a little light upon the question of whether or not he was in the exercise of due care. It may or may not. If it does not, that is the end of it. If he was careful it makes no difference. I only mention this to you so that you will understand the purport of the evidence as it proceeds." In his final charge at the close of the case he spoke upon this matter as follows: "If you find that the plaintiff was in the exercise of due care, then you come to the question of the motorman; and the discussion of his due care

has been involved somewhat in that of the plaintiff. Was he managing that car as a prudent motorman should — reasonably prudent? . . . It is of no importance, I take it, whether he had been in the employ of the company one month or one year, or five years. The question is, did he act as a reasonably prudent man should, under the circumstances, no matter how long or how short his services?"

It will be observed that there was no express withdrawal of the remarks first made to the jury. If there was inconsistency in the two statements it cannot be known which statement the jury followed. We think that the original remarks were not sufficiently withdrawn either expressly or by fair implication.

The evidence was immaterial, and to one accustomed to trial by jury in this class of cases it is not difficult to see that it was calculated to be prejudicial to the defendant upon the question of the negligence of the motorman.

Whether the evidence as to damages was properly admitted in the way in which it was presented is not free from doubt, but in view of the result to which we have come upon the other part of the case we do not think it necessary to consider it.

*Exceptions sustained.*