JOHN J. O'HARE, executor, *vs.* RALPH W. GLOAG.

Suffolk. January 22, 1915. — April 14, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Causing death. *Practice, Civil,* Exceptions, Conduct of trial. *Evidence,* Competency. *Automobile. License. Witness,* Cross-examination.

Where in an action by an executor under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for causing the death of the plaintiff's testatrix, the declaration contained no allegation that the testatrix was survived by any child or children or any

next of kin and this subject was not mentioned at the trial, it is not open to the defendant, after he has obtained a verdict and the plaintiff has alleged exceptions, to contend at the argument of the plaintiff's exceptions that it does not appear that anybody is in existence for whose benefit the action could be brought.

*It seems* that the failure of the holder of a license to operate an automobile to disclose, in answer to a question calling for the disclosure of any physical incapacity or infirmity when he made his application to the highway commission for the license, the facts that his right leg had been amputated two or three inches above the knee and had been replaced by an artificial one and that his left leg was withered, does not affect the validity of his license in relation to other. travellers on the highway, although it may be a ground for the revocation of the license by the highway commission. In the present case the person holding a license under such circumstances had a right to operate his automobile without a license because he had with him a licensed operator carrying his license, thus satisfying the requirement of St. 1909, c. 534, § 10.

In an action for causing the death of the plaintiff's testatrix by running into her with an automobile owned and operated by the defendant, after the plaintiff had been allowed improperly to show that the defendant in his application to the highway commission for a license to operate his automobile had failed to answer a question calling for the disclosure of any physical incapacity or infirmity, the judge, subject to the plaintiff's exception, permitted the defendant to explain his understanding of the meaning of the question in the application in connection with the answer that he made to it. *Held,* that the plaintiff's exception could not be sustained; because the application which the defendant improperly was trying to interpret was incompetent against him and should not have been admitted in evidence.

The limits of cross-examination are subject to the discretionary regulation of the presiding judge.

An exception, which originally had been included in a bill of exceptions, here was not considered, because it had been stricken out from the bill of exceptions by an amendment allowed by the judge which was "agreed to by both parties."

In an action for causing the death of the plaintiff's testatrix by running into her with an automobile owned and operated by the defendant, the declaration contained a count alleging in substance that the defendant was physically unfit to operate an automobile by reason of his infirmities and disabilities. It appeared that at the time of the accident the defendant wore an artificial leg, his right leg having been amputated two or three inches above the knee, and that his left leg was withered. Subject to the plaintiff's exception the defendant was permitted to introduce the testimony of a number of witnesses as to the manner in which the defendant operated his automobile during the two years after the accident. The defendant had testified at the trial, and in the presence of the jury was subjected to tests as to the use which he had of both legs, and the jury could have found that the defendant's physical condition had not changed materially from the time of the accident to the time of the trial. *Held,* that the evidence was admissible to show the manner in which the defendant operated his automobile within a reasonable time before and after the accident for the purpose of rebutting the inference that at the time of the accident he was unfit to stop, regulate or control an automobile on account of his disabilities, but that it was not admissible for the purpose of showing that he was operating the automobile carefully at the time of the accident.

In an action for causing the death of the plaintiff's testatrix by running into her

with an automobile owned and operated by the defendant, evidence introduced by the defendant, that the defendant after the accident drove his automobile carefully and that he was a slow and careful driver, clearly is incompetent, and an exception of the plaintiff to the admission of such evidence here was sustained, although the judge had ruled that such evidence was incompetent to show that the defendant operated his automobile carefully, because the admission of the incompetent evidence was not referred to in the judge's charge and the jury were not instructed to disregard it, so that this court could not say that it did not have a tendency to prejudice the substantial rights of the plaintiff.

CROSBY, J.   This is an action brought under R. L. c. 171, § 2, as amended by St. 1907, c. 375, and St. 1911, c. 31, to recover for the conscious suffering and death of the plaintiff's testatrix, who was struck by an automobile operated by the defendant and received injuries which resulted in her death.

1.  There was evidence upon the question whether the deceased consciously suffered as a result of her injuries, and that question properly was submitted to the jury.

2.  The defendant contends that there was no evidence from which it could have been found that the plaintiff was entitled to recover for the death of his testatrix.   There is no allegation in the declaration that the testatrix was survived by a child or children, or by any persons as next of kin.   There is nothing in the record to show that this question was raised at the trial. The case comes before us only upon the exceptions of the plaintiff.   We do not think under the circumstances that this question properly can be raised at this time by the defendant.

The case was submitted to the jury by the trial judge * upon counts for conscious suffering and for death, and a verdict was returned for the defendant upon both counts.   The instructions upon these issues seem to have been correct and sufficient, although the plaintiff strenuously contends to the contrary.   Still since no exception was taken to the charge, no question as to its correctness can be raised at this time.

3.  The exceptions to the refusal of the judge to give the plaintiff's requests numbered 17, 18, 19, 20, 21, 22 and 23 cannot be sustained.   These requests relate to the failure of the defendant, in his answer to question number 12 in the form of application for an operator's license, to disclose to the Massa-

---

* *Brown*, J.

chusetts highway commission in his application for a license that he had any physical incapacity or infirmity. His failure to make such disclosure did not of itself render the license void, nor was he a trespasser in operating the automobile upon the highway. While the failure of an applicant to make such disclosure might be a sufficient ground for revoking his license, still, having been regularly issued, it is valid unless and until revoked by proper authority. It follows that none of the requests properly could have been given. Besides the evidence was undisputed that at the time of the accident the defendant was accompanied by one Tenney, who was a licensed operator and had his license with him at the time. The judge properly instructed the jury that the defendant had a right to run his car although not licensed, provided he had a licensed operator with him. St. 1909, c. 534, § 10.

4. The defendant was allowed, subject to the plaintiff's exception, to explain his understanding of the meaning of question number 12 in the application for a license to operate an automobile, in connection with the answer which he made to that question. But as the application for a license was incompetent and should not have been admitted, we are of opinion that the exception should be overruled.

5. The question put by the defendant to the witness Scannell * on cross-examination was admissible within the discretion of the judge.

6. The plaintiff in his brief has argued that the question put to the defendant, "And how long had you been operating an

---

* This witness was called by the plaintiff and had testified in regard to the difficulty that a man with an artificial leg extending above the knee would have in operating an automobile. On cross-examination the defendant asked the witness, after a statement of the defendant's extensive experience in operating an automobile, "assuming I have driven to that extent, would you then say that I was able properly to operate a runabout of the year 1912, assuming its equipment to be in good order?" The plaintiff excepted to the question, and the judge admitted it.

The witness answered: "Assuming all the conditions to be as you have given them, I should say that . . . the common sense principle, that actions speak louder than words, was the answer." The defendant then asked:

"And that therefore I was able properly to run that runabout car?" and the witness answered; "So it would seem from past performance, yes."

automobile?" was admitted, together with the answer, subject to the plaintiff's exception. In the bill of exceptions as originally filed, it is recited, just before this question was put, that "Subject to the plaintiff's objection and exception, the witness then testified as follows." The bill of exceptions afterwards was amended by striking out the words "subject to the plaintiff's objection and exception." The record shows that "This amendment is agreed to by both parties." Although originally it appeared by the bill that this exception was saved, the statement was stricken out by the allowance of the amendment.

7. The plaintiff in his brief has argued that the defendant's testimony as to his instructions and experience, and also as to his study of the construction and operation of automobiles, was admitted improperly. This testimony is found on pages 15 and 16 of the record, and by reason of the amendment above referred to was not excepted to. The only testimony which was admitted subject to exception appearing on pages 15 and 16 was the testimony of the defendant as to his understanding of question number 12 in the application for a license above referred to.

8. The plaintiff excepted to the admission of the testimony of several witnesses as to the manner in which the defendant operated his automobile during the two years after the accident which resulted in the death of the testatrix. The fifth count of the declaration contained an allegation "that said injuries were caused by reason of the defendant's careless and negligent operation of said automobile, as well as by his physical unfitness to operate an automobile." The evidence showed that at the time of the accident the defendant wore an artificial leg, his right leg having been amputated two or three inches above the knee, and that at that time his left leg was withered. The plaintiff contends that there was no evidence to show that the physical disability of the defendant was the same two years afterwards as at the time of the accident, and that consequently this evidence as to the manner in which he operated his automobile, aside from other reasons, was incompetent. The jury fairly could have assumed that the condition of the right leg had not changed during this period. Besides the defendant testified at the trial, and was subjected to certain tests in the presence of the jury as to the use which he had of both legs, from all of which the jury could

have found that the defendant's physical condition had not changed materially from the date of the accident down to the time of the trial.  We are of opinion that the allegation in the fifth count of the declaration was in effect an allegation that the defendant was physically unfit by reason of his infirmities and disabilities to operate an automobile.  In view of this allegation in the fifth count we are of opinion that evidence was admissible to show the manner in which the defendant operated his automobile within a reasonable time before and after the accident, not for the purpose of showing that he did operate it carefully at the time of the accident, but for the purpose of rebutting the inference that he was physically unfit to operate, stop, regulate or control an automobile at the time of the accident on account of his disabilities.

One Lydon, a police officer, called by the defendant, was asked upon direct examination what he had observed as to whether or not the defendant's "manner and method of operating an automobile was careful and competent."  This question was admitted by the judge subject to the plaintiff's exception.  The witness answered, "Always a very careful man in the Park system."  The judge, upon objection, ordered the answer stricken out upon the ground that it amounted to a characterization of the defendant's manner of operating an automobile.  Notwithstanding this ruling of the presiding judge, this witness afterwards, on direct examination, was permitted to testify, subject to the plaintiff's exception: "When I ever met you in the Park coming along very careful, . . . you . . . always stopped just this side of Castle Island Bridge, and careful as I thought."  The defendant called one Bouchet, also a police officer, who was asked by the defendant as to what he (the witness) had observed as to his (the defendant's) operation of an automobile.  The witness answered: "My observations were that you were always a slow operator."  One O'Connor, a police officer, called by the defendant, after testifying as to what he had observed as to the defendant's manner of operating his car, said: "And I never had any occasion to caution you at all."  One Meagher, a witness also called by the defendant, testified on his direct examination in reply to questions as to what he had observed of the defendant's methods in running an automobile, "Well, you always impressed me as

running an automobile very carefully." This witness also testified: "Just as I say, I have observed you run along so very slowly that I wondered how an accident could happen." All of the foregoing evidence was admitted subject to the exception of the plaintiff. This evidence was clearly incompetent and allowed the witnesses called by the defendant to testify that he was a slow and careful driver. While the allegation contained in the fifth count made competent evidence to show that it was physically possible for the defendant to manage, control and operate an automobile, and as bearing upon that question, the testimony of persons who had observed him actually operating his machine was admissible, on the other hand it was manifestly incompetent for witnesses to testify that he was careful or otherwise. *Lang* v. *Boston Elevated Railway*, 211 Mass. 492. *McDonald* v. *Savoy*, 110 Mass. 49.

Although the presiding judge ruled that it was incompetent to show that the defendant operated his automobile carefully, when the witness Lydon so testified, still it appears that afterwards the defendant was permitted to offer similar testimony from three other witnesses, all subject to the exception of the plaintiff. The admission of this incompetent evidence was not referred to in the charge, the jury were not instructed to disregard it, and we are unable to say that it did not have a tendency to prejudice the substantial rights of the plaintiff. St. 1913, c. 716. *Allen* v. *Boston Elevated Railway*, 212 Mass. 191. We are of opinion that the exceptions to the admission of the evidence above referred to must be sustained. As there seems to have been no other error in the conduct of the trial, all other exceptions are overruled. It follows that the entry must be

*Exceptions sustained.*

The case was argued at the bar in January, 1915, before *Rugg*, C. J., *Loring, Braley, Crosby, & Pierce,* JJ., and afterwards was submitted on briefs to all the justices.

*J. J. O'Hare,* (*C. Toye* with him,) for the plaintiff.

*R. W. Gloag, pro se.*