EMELINE F. SPORT & another, petitioners.

EMELINE F. SPORT *vs.* BOSTON ELEVATED RAILWAY COMPANY.

HENRY SPORT *vs.* SAME.

Middlesex.　March 16, 1915. — June 22, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Exceptions, Stipulations of counsel. *Evidence,* Materiality.

Where, in an action against a street railway company for personal injuries, a letter containing a statement by an attorney at law acting for the defendant referring to a decision of the plaintiff not to receive $50 offered to him by the defendant, which was inadmissible because it was a part of a proposed compromise, was put in evidence by the plaintiff with the assent of the counsel for the defendant on the condition that he should be "allowed to state the facts in connection with it which it refers to," and the plaintiff's counsel then said, "Anything that letter opens up you can explain perfectly," an exception afterwards cannot be taken by the plaintiff to evidence introduced by the defendant to explain that an offer to pay the plaintiff $50 was made upon the basis that the defendant was not responsible for the accident, this being within the stipulation of counsel under which the admission of the incompetent evidence was assented to.

In an action against a street railway company for personal injuries alleged to have been caused by the negligence of the defendant's servants, where the conductor who was in charge of the defendant's car at the time of the accident has been called as a witness by the defendant, the plaintiff cannot ask him on his cross-examination, what experience the motorman who was operating the car at the time of the accident had had, the inexperience of the motorman, if shown, not being material upon the issues whether he was negligent and whether his negligence caused the plaintiff's injuries. Following *Lang* v. *Boston Elevated Railway,* 211 Mass. 492.

LORING, J.　From the report of the commissioner * in these two cases it appears that two actions had been brought against the Boston Elevated Railway Company, the first by Emeline F. Sport to recover compensation for physical injuries suffered by her and the second by Henry Sport, her husband, to recover for expenses incurred by him in connection with the injuries suffered by the plaintiff in the principal action.　The two cases were tried together.†

---

* Appointed on the petition of the two plaintiffs to prove exceptions disallowed by the judge.

† Before *Morton,* J.　The declarations alleged that the injuries of the plaintiff in the first case were caused by the negligence of the defendant's

At the trial P. F. Drew, Esquire, counsel for the railway company, asked the plaintiff in the principal action on cross-examination whether former attorneys employed by the plaintiffs had withdrawn their appearance in the two actions in question, and the plaintiff in the principal action said that they had. He then asked her whether those attorneys had told her before withdrawing from the case that they had a talk with a police officer who was on the car and had seen the accident and that it was after they had talked with the police officer that her attorneys had withdrawn from the case; and lastly whether that was what the former attorneys told her before they withdrew, and she said that that was the fact.

On redirect examination C. G. Morgan, Esquire, counsel for the plaintiffs, offered a letter which had been written by the former attorneys to the plaintiff in the principal action in which they stated that they had received a letter from that plaintiff stating in effect that she had decided not to receive the $50 offered by the Boston Elevated Railway Company and that in consequence of that action taken by that plaintiff they had notified the railway company of her answer and had withdrawn their appearance. When this letter was offered by Mr. Morgan, Mr. Drew said "Perfectly willing that should be offered if I am allowed to state the facts in connection with it which it refers to." Thereupon the presiding judge. asked Mr. Morgan this question: "Had you better put that in?" to which Mr. Morgan answered: "Yes, your honor." The presiding judge then said: "Of course it opens the door to Mr. Drew to say 'I want that clause explained.'" Thereupon Mr. Morgan said: "I want to let you know just what I offer to prove. Anything that letter opens up you can explain perfectly." To this Mr. Drew said "Very well." Then the letter was introduced in evidence. Later Mr. Drew called one Maurice F. Spillane, Esquire, an attorney of the railway company. He testified that he made an offer to the plaintiff in the principal case of $50 in settlement, and when he made it he told the former attorneys of the plaintiff that the railway company settled cases to get rid of trying them, and for that reason he had offered $50 in the case

---

servants. There was no allegation that the defendant was negligent in employing unfit or incompetent employees. The jury returned verdicts for the defendant.

here in question.   After this testimony had been given Mr. Drew asked the witness what was said in that conversation in reference to the question of liability and to this question Mr. Morgan objected. The presiding judge said: "You may put the question, what was said between you in regard to the question of liability." To that Mr. Morgan asked to have an exception saved, and the presiding judge said: "The exception is not allowed; Mr. Morgan, you had full notice before these letters were put in as to the explanation that would be offered, and stated at the time that anything could be offered on the matter in the way of explanation that was desired." Thereupon the witness testified that $50 was offered on the basis that the railway company was not responsible for the accident.

A bill of exceptions stating in substance the facts as found by the commissioner was disallowed by the presiding judge in these words: "I consider that no exception was saved and the exception claimed is disallowed."

The contention which the learned counsel for the plaintiff now makes is that his statement "anything that the letter opens up you can explain perfectly" was not in fact and could not have been taken by the presiding judge to have been an assent on his part to the terms stipulated for by Mr. Drew when the letters were offered in evidence.   His contention is that on the contrary this statement of his was intended to be and must have been understood by the judge to have been intended by him to be a statement that he insisted upon his legal rights in the matter.   He contends that he was within his legal rights when he offered the letters and that it follows that the judge in ruling that he had agreed to the admission in evidence of the explanation which was subsequently admitted by him misunderstood what he had said and that he had an exception to the testimony of Spillane.

The fundamental difficulty with this contention on the part of the plaintiffs' counsel is that he had no right to put in evidence these letters in redirect examination of the plaintiff in the principal case.   The letters disclosed an admission of liability on the part of the railway company and it appears that that admission of liability was part of a compromise and for that reason the letters were not admissible.

The case, therefore, comes down to one where a letter not

admissible because it contains an admission of liability which was part of a compromise, was admitted under a stipulation that the other side should be allowed to show the fact that the admission of liability was part of an agreement for compromise. No other construction fairly can be given to the stipulation which was asked for by Mr. Drew when the letters were offered and under the circumstances the statement made by Mr. Morgan must be taken to have been an assent to that stipulation asked for by Mr. Drew. Whatever Mr. Morgan may have intended to state, what he did state was an assent to the stipulation and was properly so treated by the presiding judge. It follows that the evidence of Mr. Spillane was within the stipulation which was agreed to by Mr. Morgan and the plaintiff is not entitled to an exception.

There was another exception which the commissioner found was taken. The commissioner found that the judge's attention was not especially called to this second exception at the time he made his certificate. The commissioner reported that the second exception ought to be established.*

The second exception is covered by the case of *Lang* v. *Boston Elevated Railway*, 211 Mass. 492.

The entry must be that: The petition is dismissed so far as the first exception is concerned. So far as the second exception is concerned the petition is allowed, the exception is established and it is overruled. It is

*So ordered.*

*C. G. Morgan*, for the petitioners and plaintiffs.

*P. F. Drew*, (*W. U. Friend* with him,) for the respondent and defendant.

---

* This exception was as follows: The defendant called as a witness the conductor who was in charge of the car at the time of the accident. The plaintiffs asked this witness on cross-examination what experience the motorman who was operating the car at the time of the accident had had as a motorman to the witness's knowledge. The judge excluded the question, and the plaintiffs excepted