Mary E. McGlinchy *vs.* James H. Henderson.

Suffolk.   November 10, 1921. — March 1, 1922.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Carroll, JJ.

*Evidence*, Of damage, Of rate of speed, At trial of actions together. *Damages,* In tort. *Practice, Civil,* Order of evidence, Exceptions.

At the trial of an action of tort by a woman for personal injuries resulting from a collision with a motor car driven by the defendant, after it had appeared that the plaintiff was the owner of a delicatessen store and that she was about her place of business from six o'clock in the morning until midnight, evidence tending to show that the value of the stock in her store was $450 was admissible as bearing on the amount of damages.

At the trial of an action of tort for personal injuries alleged to have resulted from a collision with a motor car operated by the defendant, the defendant had testified in his own behalf without objection that at the time of the collision he was proceeding at a rate of speed not greater than eight miles an hour, that the streets were very slippery and that it was raining. He afterwards was recalled and was asked how long he had driven an automobile, the evidence being offered on "the issue of showing the rate of speed of the car, his ability to judge the rate of speed, to judge the distance in which he stopped." The evidence was excluded. *Held,* that the exclusion of the evidence did not harm the defendant and was a justifiable exercise of discretion by the judge.

One who suffered personal injuries from being run into by a motor car brought two actions of tort therefor, one against the operator of the car and one against a firm alleged to be the operator's employers, and the two actions were tried together. Against the exception of the operator, evidence was admitted tending to show the number of offices belonging to the employers. A verdict was entered for the employers by order of the court. The jury found for the plaintiff against the operator and he alleged an exception. *Held,* that the exception must be overruled as the evidence excepted to by the operator was admissible in the action against the employers as a preliminary inquiry bearing on the question of the operator's employment and as tending to show that he was going from one office of his employers to another.

Tort for personal injuries received when the plaintiff was run into by a motor car owned by Henderson and Ross and operated by the defendant, an employee of that firm. Writ dated September 10, 1920.

In the Superior Court, the action was tried before *Sanderson, J.,* at the same time with an action by the same plaintiff against the firm of Henderson and Ross, the defendant's alleged employers.

Material evidence and exceptions saved by this defendant are described in the opinion. At the close of the evidence, a verdict was entered for the defendant's employers by order of the judge. The jury found for the plaintiff in this action in the sum of $2,500; and the defendant alleged exceptions.

*J. W. Coughlin,* for the defendant.

*C. J. Halligan, Jr.,* (*C. Toye* with him,) for the plaintiff.

CARROLL, J. The plaintiff was struck by an automobile owned by Henderson and Ross and operated by the defendant, James H. Henderson, who was their employee. In an action brought by this plaintiff against Henderson and Ross, the court ordered a verdict for the defendants on the ground that there was no evidence that the defendant Henderson was at the time of the accident operating the automobile in the course of his employment. The actions were tried together. In the present action the jury returned a verdict for the plaintiff.

1. The plaintiff testified that she was the owner of a delicatessen store; that she was about her place of business from six o'clock in the morning until midnight. Against the defendant's exception she was permitted to state that the value of the stock in her store was $450, the trial judge admitting this evidence "For the purpose of showing the nature and kind of work she was doing before." The extent of the plaintiff's inability to perform her usual work was an element to be considered in determining the amount of her compensation, and as bearing on that question she could show the value of the stock in trade of her business. "One is not precluded from recovering loss of earning capacity because he happens to be engaged in business for himself. . . . The business man may show the nature and extent of the business conducted by him, the part actually performed by him. . . . These are circumstances which may be helpful in determining the value of the time he has lost, in order to reach the ultimate result of just compensation for the injury sustained." *Mahoney* v. *Boston Elevated Railway,* 221 Mass. 116, 118. Under this rule the evidence objected to was clearly admissible.

2. The defendant, being recalled, was asked how long he had driven an automobile. This evidence was excluded. It was offered by the defendant "On the issue of showing the rate of speed of the car, his ability to judge the rate of speed, to judge the

distance in which he stopped." He had already testified without objection that he was proceeding at a rate of speed not greater than eight miles an hour; that the streets were very slippery and it was raining at the time; and that he stopped the car almost immediately after it struck the plaintiff. In these circumstances the defendant was not in any way harmed by the exclusion of the evidence offered; and it was entirely within the sound discretion of the trial judge to refuse to admit the evidence for the purpose offered when the defendant was recalled. See in this connection *Lang* v. *Boston Elevated Railway,* 211 Mass. 492.

3. There was no error in admitting the testimony tending to show the number of offices belonging to the firm of Henderson and Ross. In the action against Henderson and Ross, the plaintiff contended that the defendant Henderson was acting within the scope of his employment when he ran into her. As a preliminary inquiry bearing on the question of his employment and as tending to show that he was going from one office to another, the evidence was admissible against Henderson and Ross. There was no error in the conduct of the trial.

*Exceptions overruled.*