## BELISLE v. LISK.

(Circuit Court of Appeals, First Circuit. December 18, 1926.)

No. 2062.

1. **Evidence ⬅⟳545—Testimony as to experience of driver of automobile, injured in collision, held admissible on question of competency as witness.**

In an action for damages resulting from collision between two automobiles, testimony of plaintiff's driver that he had been driving cars of various makes for 12 years *held* admissible, at least to show his competency to testify to the extent of damage to the car.

2. **Appeal and error ⬅⟳1170(7)—Admission of testimony, if erroneous, held not to authorize reversal, as affecting substantial rights of parties (Judicial Code, § 269, as amended by Act Cong. Feb. 26, 1919 [Comp. St. § 1246]).**

Where defendant, driving his own car, crashed into the rear of plaintiff's car, which was the last of a string of 15 or 20 stopped on a highway, there was no substantial evidence to support a claim of contributory negligence, and admission of testimony as to the experience of plaintiff's driver, even if erroneous and considered on that issue, *held* not prejudicial, or to affect substantial rights of the parties, warranting reversal of a judgment for plaintiff, under Judicial Code, § 269, as amended by Act Cong. Feb. 26, 1919 (Comp. St. § 1246).

In Error to the District Court of the United States for the District of Massachusetts; John A. Peters, Judge.

Action at law by Elizabeth Lisk against Eli Belisle. Judgment for plaintiff, and defendant brings error. Affirmed.

George P. Beckford, of Boston, Mass. (James C. McDonald, of Worcester, Mass., on the brief), for plaintiff in error.

Samuel Perman, of Worcester, Mass. (Clifford H. Searl, of Syracuse, N. Y., and Frank P. Ryan and Henry P. Scannell, both of Worcester, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. In this automobile accident case the plaintiff had a verdict for $9,800. The defendant's motion for a new trial, urged on the single ground of the discovery of new evidence bearing on damages, was overruled.

In brief outline, the accident was caused by the defendant's Buick, weighing 3,400 pounds, carrying five passengers, driven by himself, running into the rear of the plaintiff's Ford, driven by one Miller, on the state highway, near Utica, N. Y., on Sunday afternoon, September 7, 1924. The day was clear; the traffic was "in bunches and very close." There was a line of 15 to 20 cars ahead of the plaintiff's car when it stopped and was run into by the defendant.

The defendant pleaded the plaintiff's contributory negligence; he sought to excuse his running into the Ford by claiming that Miller stopped suddenly without giving a warning signal. But the main question tried was the amount of damages, not defendant's liability.

The case comes here on assignments of error, all based on exceptions taken to the admission of certain evidence given by Miller, argued to be prejudicial on the issue of the plaintiff's contributory negligence. It is conceded that Miller's negligence would be the plaintiff's negligence. On this issue, the court applied the state, and not the federal, rule, instructing the jury that the plaintiff must show affirmatively that she did not contribute, by Miller's carelessness, to the accident.

[1] The evidence assailed as inadmissible is within narrow compass. Miller, called by the plaintiff, testified that he was a machinist, employed as a gear maker in a branch of the General Motors Company. Subject to defendant's exceptions, he was then permitted to state that before the day of the accident he had been driving cars for about 12 years, and had driven Packards, Jewetts, Fords,

Mitchells, foreign cars of three or four different makes, English, German, and French, Studebakers—"oh, I can't remember them all." Without objection, he also testified that he had owned three different cars and had been a licensed chauffeur for years. It is upon alleged error in admitting this evidence of Miller's experience in driving various cars for 12 years that the defendant relies for his contention of a mistrial. In support of this highly technical claim, the defendant cites as the leading case, Lang v. Boston Elevated Ry. Co., 211 Mass. 492, 98 N. E. 580. This was the familiar suit to recover for injuries caused by the alleged negligence of a motorman. The doctrine now relied upon is disclosed by the following excerpt from the opinion:

"One of the questions was whether in the circumstances of the collision between the plaintiff and the defendant's car the motorman was negligent. That was to be determined by his acts either of commission or omission. Upon the questions what those acts were and whether they or any of them were negligent, the length of time he had been in the defendant's employ as a motorman and the nature and amount of his instructions were entirely immaterial, and the evidence upon those matters was wrongly admitted. The defendant seasonably excepted to its admission. It is suggested by the plaintiff that putting an inexperienced or incompetent person in the position of a motorman might be of itself evidence of the defendant's negligence. But unless there was evidence of negligence in the conduct of the motorman the negligence of the defendant in employing him did not contribute to the accident and therefore was immaterial."

It will be observed that this ruling is grounded, not merely on the admission of evidence as to the motorman's experience, but also as to "the nature and amount of his instructions." It is thus plainly distinguishable from the case at bar. Similar or analogous rulings are also found in Hunt v. Boston & Maine R. R. Co., 250 Mass. 434, 146 N. E. 30; Reardon v. Boston Elevated Ry., 247 Mass. 124, 141 N. E. 857; Sport, Petitioner, 221 Mass. 453, 109 N. E. 399; Polmatier v. Newbury, 231 Mass. 307, 120 N. E. 850; See, also, McDonald v. Savoy, 110 Mass. 49. Compare O'Hare v. Gloag, 221 Mass. 24 at page 29, 108 N. E. 566; Luiz v. Falvey, 228 Mass. 253, 117 N. E. 308; McGlinchy v. Henderson, 240 Mass. 432, 134 N. E. 264.

But careful examination of the Massachusetts cases leaves us unconvinced that the Supreme Judicial Court of Massachusetts would regard as reversible error the admission of such evidence as the court below admitted limited (as it was) merely to Miller's experience in driving cars. In proper perspective, it was hardly, if at all, more irrelevant than his testimony, taken without objection, that he was a machinist, and had owned three cars, and had for years been a licensed chauffeur. The extent to which such merely descriptive irrelevancies should be admitted is ordinarily a matter of discretion for the presiding judge. Robinson v. Cutter, 163 Mass. 377, 380, 40 N. E. 112; McGlinchy v. Henderson, 240 Mass. 433, 434, 134 N. E. 264; Bemis v. Temple, 162 Mass. 342, 346, 38 N. E. 970, 26 L. R. A. 254; 40 Cyc. p. 2418.

In this case the evidence was admissible to show Miller's competency to testify (as he did) to the value of the Ford before and after the accident, and perhaps on other grounds.

But the defendant also claims that in the charge to the jury the court treated the evidence of Miller's experience as competent on the question of the plaintiff's contributory negligence. It is true that in the charge the court alluded to Miller's being a man of great experience in handling autos. But, taking the charge as a whole, it was made entirely clear to the jury that the question was whether, on this occasion, Miller had conducted himself with proper care. Moreover, although the bill of exceptions recites that the defendant was aggrieved "by the comments of the court in his charge concerning" Miller's experience, the bill does not disclose that any instructions were asked on that point, or that any exceptions were saved to the instructions given. In the plaintiff's brief is the flat statement that there were no exceptions to the charge, and in the defendant's brief is no claim that any exceptions were saved. So far as appears, the court was left to assume that the defendant was entirely satisfied with the charge. It follows that it is at best doubtful whether any exception on that ground is before us, and also, if before us, whether there is the slightest merit in the contention.

[2] But, assuming possible errors under the Massachusetts rulings as to the admission of the evidence and its significance under the instructions given, it is clear that, under the rule which must prevail in this court, the judgment must be affirmed, although ordinarily in such cases the state rulings as to evidence are applicable. American Railway Express v. Rowe (C. C. A.) 14 F.(2d) 269, and cases cited. For we are bound by Judi-

cial Code, § 269 (as amended by Act Feb. 26, 1919 [Comp. St. § 1246]) which provides:

"On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

This statute has been frequently applied by this and other circuit courts of appeal in both civil and criminal cases. Weinstein v. United States, 11 F.(2d), 505, 509; Redmond v. United States, 8 F.(2d) 24, 29; Barron v. United States, 5 F.(2d) 799, 804. Compare Furlong v. United States, 10 F.(2d) 492; United States v. River Rouge Co., 269 U. S. 411, 421, 46 S. Ct. 144, 70 L. Ed. 339; Yazoo, etc. R. R. Co. v. Mullins, 249 U. S. 531, 39 S. Ct. 368, 63 L. Ed. 754; Lewis v. United States (C. C. A.) 11 F.(2d) 745, 747; Tenenbaum v. United States (C. C. A.) 11 F.(2d) 927, 929; Haggerty v. United States (C. C. A.) 5 F.(2d) 224, 226, 227; Bank v. Brown (C. C. A.) 8 F.(2d) 321, 323; Chew v. United States (C. C. A.) 9 F.(2d) 348; Harris v. United States (C. C. A.) 10 F.(2d) 358; Ohio, etc., Bank v. Greenebaum Bank (C. C. A.) 11 F.(2d) 87, 91.

In the view most favorable to the defendant, the case comes to this: Assuming, but without deciding, that under the Massachusetts rulings there was error in the admission of, and the comments upon, the evidence as to Miller's experience, was that error so prejudicial as to affect the substantial rights of the defendant?

This question requires some further statement of the evidence as to the collision. Miller testified that there was a slight bend in the road, but nothing to obscure one's view of the road; that they had just passed the street car tracks; that a few hundred yards further the line of cars ahead of him came to a stop; that he came up closely behind them, held out his hand, and stopped his car; that the electric car tracks were on his right; that there was a rear signal light on the Ford; that after standing about 30 seconds, and just as he was watching the line of cars ahead of him beginning to move, "there was an awful crash, and he was yanked back and then forward"; that he "looked back to the big Buick that had struck them"; that "his car had been thrown to the right, * * * over the first rail," and "over a curb eight inches high"; that the force of the collision was such that the rear shoe was knocked off the rim; that the bumper of the Buick and the wheels so jammed and fastened the two cars together "that they spent over an hour trying to get the two cars apart"; that the brakes of the Ford "were in excellent condition"; and that when he began to stop he had his hand out as a signal and held it out for two or three seconds.

The plaintiff testified that, before the collision, they had come to a line of cars and stopped; that as the line in front was just breaking away, she looked back, and saw the Buick approaching right behind them and then felt the shock of the two cars coming together.

Belisle, the defendant, was, so far as this record shows, the only witness for the defendant. He testified to the effect that he was going about 15 to 18 miles an hour, about 15 or 20 feet behind the plaintiff's Ford, and that at the time of the collision he was going from 10 to 12 miles an hour; that before the Ford stopped he did not receive any warning from the driver; also that when he came around the curve "he noticed a string of cars ahead of him," and "the Ford was the only one that stopped"; that "he struck the Ford hard enough to put one wheel over the track, which was about 20 inches above the pavement."

In the charge of the court there is also a reference to testimony from the driver of a trolley car coming along at about that time, to the effect that the defendant Belisle was going about twice as fast as the trolley car, which this witness stated as then running 20 miles an hour. The court obviously regarded the evidence as showing that the defendant was driving at a rapid and reckless rate.

Summarizing: The evidence that the defendant was negligent in running into the Ford is overwhelming. There is no evidence whatever of contributory negligence by Miller, except the defendant's statement that, "before this Ford stopped, he did not receive any warning from the driver." But the force even of this statement is much lessened by his other statement to the effect that he noticed a string of cars ahead of him when he came around the bend, but this "Ford was the only one that stopped." The charge shows that the court understood Belisle not to deny that the Ford had stopped when he first observed it.

Obviously, as the court instructed the jury, it would not be contributory negligence for Miller to fail to put out his hand, if a stop signal was at that time automatically operated by the brakes, or if the car was already stopped when the defendant first saw

it. The hand signal is nothing but a warning of an intended stop or lessening of speed. Careful consideration of the entire record drives us to the conclusion that there was no substantial question of contributory negligence in the case. There was abundant affirmative evidence of Miller's due care, and (as noted above) the court put the burden on this issue upon the plaintiff, thus applying the state and not the federal rule. Cf. Cent. Vt. Ry. v. White, 238 U. S. 507, 35 S. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252. Of this the plaintiff might well have complained; the defendant cannot. If the evidence assailed had been excluded under the Massachusetts rule, the jury could not have been expected to reach a different result on the question of liability. If inadmissible, it was negligible and nonprejudicial.

On this record, defendant's liability was hardly in serious question. This appears, inter alia, from the opinion of the trial court on the motion for a new trial. On defendant's own testimony, he smashed into the rear of a standing line of 15 to 20 cars— testimony which (standing alone) would have fully warranted the jury in holding him liable for all the resultant damage.

It follows that Judicial Code, § 269, requires that the judgment below be affirmed.

The judgment of the District Court is affirmed, with interest and costs.

JOHNSON, Circuit Judge, concurs in the result.