ELIZABETH J. SULLIVAN, administratrix, *vs.* JOHN MORSE.

WILLIAM CALHOUN *vs.* SAME.

WILLIAM D. CONNORS *vs.* SAME.

Suffolk.   April 1, 1930. — May 28, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Evidence,* Competency, Admitted by agreement, Hospital record. *Practice, Civil,* Exceptions.

At the trial together of three actions of tort against the operator of an automobile for personal injuries received by guests therein when the automobile ran from a highway down an embankment, the plaintiffs rested their cases on evidence of carelessness of the defendant in driving the car down hill at a high rate of speed without applying

the brakes, in driving first to the left and then to the right and again to the left and over a stone wall. They did not seek to recover on the ground of any defect in the automobile. There was evidence that the defendant told one of the plaintiffs after the accident to say that there was something the matter with the steering gear. The jury were instructed that "No claim is made by the plaintiff now . . . that the accident happened in consequence of any defect in the machine." The defendant did not offer any evidence that something gave way "on the lower end of the steering gear." He admitted that there was evidence to warrant the jury in finding that the accident was due to his negligent operation of the motor vehicle, and testified that he told various people that he did not know how it happened, that he wished he did know how it happened. It appeared that the accident happened in New Hampshire, and one of the guests, who afterwards died, was taken to a hospital there after the accident. The record of the hospital was offered by the plaintiffs and was excluded by the judge, without exception by either party, as not coming within the provisions of G. L. c. 233, § 79. A part of the record offered was a personal history sheet, in which was recited what purported to be the following statement by that plaintiff: "One hour ago while riding along the boulevard . . . the car went wrong due to something giving away on the lower end of the steering gear . . . . The car went off the highway and dropped 15 feet." The plaintiffs, in offering the record, did not include the "personal history sheet." After the ruling by the judge, the defendant assented to the introduction of the record with the personal history sheet included. The judge then admitted the record without the sheet. The defendant then offered that sheet, it was excluded and he excepted. There was a verdict for the plaintiff. *Held,* that

(1) In the circumstances, it was error to admit a part, and not the whole, of the hospital record: the personal history sheet should have been included;

(2) The error in the circumstances was not harmful to the defendant;

(3) The exceptions were overruled.

THREE ACTIONS OF TORT for personal injuries suffered by the intestate of the plaintiff in the first action and by the plaintiffs in the other actions, as described in the opinion. Writs dated March 27, 1926.

In the Superior Court, the actions were tried together before *Brown,* J. Material evidence and exceptions by the defendant are stated in the opinion. There were verdicts for the plaintiffs in the sums of $8,500, $250 and $650, respectively. The defendant alleged exceptions.

*S. P. Sears,* for the defendant.

*G. P. Beckford,* (*R. E. Sullivan* with him,) for the plaintiffs.

CARROLL, J.   These three actions of tort resulted from an accident on October 29, 1925, when an automobile, owned and operated by the defendant, in which the plaintiff's intestate (in the case of Sullivan) and the plaintiffs in the other cases were guests of the defendant, went down an embankment while moving on the highway between Chester and Derry, New Hampshire.   There were verdicts for the plaintiffs.

The exceptions now relied on by the defendant concern the exclusion of a part of the record of the Lucy Hastings Hospital of Manchester, New Hampshire, where Sullivan was taken after the accident.   It appeared that the plaintiffs offered the hospital record.   A part of this record was called the personal history sheet; it recited what purported to be the statement of Sullivan: "One hour ago while riding along the boulevard . . . the car went wrong due to something giving away on the lower end of the steering gear . . . . The car went off the highway and dropped 15 feet."   There was considerable discussion as to the offer of the plaintiffs and the agreement of the defendant.   As we interpret the bill of exceptions, the plaintiffs' offer did not include the personal history sheet; the defendant contended that if any part of the hospital record was put in the whole should be admitted including the personal history sheet.   The judge admitted the record excluding this particular sheet and the defendant excepted; he later offered the part excluded and to its exclusion excepted.

The defendant did not except to the introduction of the record on the ground that G. L. c. 233, § 79, making the records of certain hospitals admissible, was not applicable to the Lucy Hastings Hospital, that hospital being located in New Hampshire.   The judge ruled that none of the record was admissible for this reason.   See *Delaney* v. *Framingham Gas, Fuel & Power Co.* 202 Mass. 359, 365, 366; *Clark* v. *Beacon Oil Co., ante,* 27.   No exception was taken by any of the parties to this ruling.   The defendant, however, contends that, under the agreement admitting the hospital record, if a part went in he was entitled to the whole of the record including the personal history sheet.

The general rule is that if a document is offered, the whole document should be admitted. This principle so far as applicable to the introduction of a writing, a conversation or an admission is fully explained by Merrick, J., in *Commonwealth* v. *Keyes*, 11 Gray, 323, 324, 325. In further support of the general rule see *Trischet* v. *Hamilton Mutual Ins. Co.* 14 Gray, 456; *Hathaway* v. *Tinkham*, 148 Mass. 85; *Noble* v. *Fagnant*, 162 Mass. 275; *Robinson* v. *Cutter*, 163 Mass. 377; *Buffum* v. *York Manuf. Co.* 175 Mass. 471; Wigmore on Ev. §§ 2102, 2113, 2115, 2094, 2095.

In our opinion the same rule governs if a record not strictly admissible is put in by agreement. According to the bill of exceptions, the defendant assented to the introduction of the record with the personal history sheet included. He did not except to the admission of a part only of the record but did except to the exclusion of the personal history sheet which he argued was admissible under the agreement of counsel. There is, however, a limitation to the rule in the introduction of evidence of conversations: in such cases the proof is to be confined to matters which are relevant; and subjects remote from the object of inquiry are not admissible even if a part of the conversation. *Commonwealth* v. *Keyes*, 11 Gray, 323, 325. Wigmore on Ev. § 2113. And where a writing is admitted by agreement the whole writing, so far as relevant, should go in.

To determine whether there was prejudicial error in the exclusion of the particular sheet, it is necessary to consider the contentions of the parties. The plaintiffs introduced evidence that the defendant was going down hill at the rate of forty or forty-five miles an hour; that he turned to the left of the road and went a short distance, turned to the right, and then drove the automobile to the left over a wall, and went down an embankment; that no brakes were applied. The defendant contended that he was moving at the rate of between fifteen and twenty miles an hour; that he did not know what caused the motor vehicle to leave the highway; that he never had any trouble with the steering gear before. There was no evidence that the steering gear was defective, or that the tie rod was not in perfect condi-

tion before the accident, although after the accident the tie rod was found to be bent; and it might have been found that this condition probably resulted from the automobile going over the embankment.

The plaintiffs rested their cases on the carelessness of the defendant in driving the car down hill at a high rate of speed without applying the brakes, in driving first to the left and then to the right and again to the left and over the stone wall. The plaintiffs did not seek to recover on the ground of any defect in the automobile. The testimony. that the defendant told the plaintiff Calhoun to say that there was something the matter with the steering gear was brought out on his cross-examination, and later when the plaintiff Connors was called he corroborated the testimony of Calhoun. The judge in instructing the jury said that "No claim is made by the plaintiff now . . . that the accident happened in consequence of any defect in the machine." The defendant did not offer any evidence that something gave way "on the lower end of the steering gear." He admitted there was evidence to warrant the jury in finding that the accident was due to his negligent operation of the motor vehicle, and he testified, "He told various people he did not know how it happened, that he wished he did know how it happened."

The statement in the hospital record to the effect that the car went wrong because of "something giving away on the lower end of the steering gear" did not show that there was any defect in the automobile prior to the accident. It did not help or harm the defendant and it contained no declaration as to the rate of speed or manner of driving the motor vehicle. Considering all the evidence, the theory on which the case was tried, and taking into account the instructions given the jury, we are of opinion there was no harmful error in excluding the personal history page.

In each case let the entry be

*Exceptions overruled.*