JAMES E. FERRIS, administrator, vs. ARTHUR L. TURNER
(and a companion case [1]).

Middlesex.    November 7, 1946. — January 3, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Negligence*, Motor vehicle, Due care of child.  *Evidence*, Relevancy and
    materiality.  *Error*, Whether error harmful.  *Practice, Civil*, Excep-
    tions: whether error harmful.

Evidence that a girl, six years and nine months old, while walking from
    east to west across a street, in the daytime, was struck and killed
    near the middle of the street by a large motor truck, which had ap-
    proached from the north on a down grade at forty to forty-five miles
    an hour and had crossed an intersection without diminishing speed,
    and whose operator failed to see the girl until she was immediately in
    front of it although his view toward her was not obstructed, warranted
    a finding of negligence on the part of the operator and did not require
    a ruling that the girl was guilty of contributory negligence.
In an action for the death of a girl, six years and nine months old, struck
    by a motor truck while walking across a street, evidence of instruc-
    tions given her as to the manner in which she should cross a street,
    and a photograph of her, properly were admitted in the judge's dis-
    cretion as bearing upon her capacity to exercise care for her own
    safety.
In an action for the death of a pedestrian struck by a large motor truck,
    the admission of evidence of the details of the effect of the impact
    upon the pedestrian's body, although such evidence was irrelevant
    upon the issue of the degree of culpability of the operator of the truck,
    was not shown to have been prejudicial error where the charge was
    not included in the record before this court and it must therefore be
    assumed by this court that correct and adequate instructions to meas-
    ure damages by the degree of culpability were given and were followed
    by the jury.

TWO ACTIONS OF TORT.    Writs in the Superior Court
dated December 29, 1943.

The actions were tried before *Hanify*, J.

*H. S. Avery*, for the defendants.

*J. N. Esdaile*, for the plaintiff.

---

[1] The companion case was brought by the same plaintiff against Maine
Freightways.

LUMMUS, J.   These are actions of tort under G. L. (Ter.
Ed.) c. 229, § 5, as amended, brought by the administrator
of the estate of Cynthia L. Ferris, a girl six years and nine
months old, to recover for her death on July 15, 1943, when
she was struck in Malden by a large tractor or trailer truck
operated by the defendant Turner as a servant of the de-
fendant Maine Freightways.   There was a verdict for the
plaintiff in each case.   Exceptions taken by the defendants
bring the cases here.

The evidence was conflicting as to the speed of the truck,
as to the direction in which the child was crossing, and as
to whether the child was walking or running.   According
to the evidence most favorable to the plaintiff, what hap-
pened was this.   The truck had come from Maine, and
shortly after five o'clock in the afternoon was travelling
southerly toward Boston on Broadway in Malden, and
was going downhill on a considerable grade as it approached
an intersecting street called Salem Street.   The truck was
travelling at the rate of from forty to forty-five miles an
hour, and crossed Salem Street without slowing down.
The child was crossing Broadway from east to west near a
crosswalk along the south side of Salem Street, and was
walking, not running.   Two other children were crossing
with her.   Traffic was not congested.   No evidence re-
quired a finding that the operator's view of the child was
obstructed.   At Salem Street the operator looked to the
right instead of to the left, and failed to see the child until
she was immediately in front of the truck, a little to the
west of the middle of Broadway, so close that he could not
avoid her.   He put on his brakes, and the truck skidded
sixty-seven feet before stopping.

We think there was evidence for the jury of the negli-
gence of the operator.   The evidence did not as matter of
law establish negligence on the part either of the child, or
of her parent or custodian.   There was no error in denying
the motions of the defendants for directed verdicts in their
favor.

The defendants excepted to the admission of evidence
that the child had often been instructed to look for auto-

mobiles both ways before crossing a street, to cross only on a crosswalk, and never to run. The judge admitted this evidence "solely on the capacity of the child to exercise care." A child of the age of the child in question may be found as a matter of fact, but may not be ruled as a matter of law, capable of such care for her own safety that it is not negligence on the part of a parent or custodian to permit her to cross a street unattended. *Hayes* v. *Norcross,* 162 Mass. 546. *Miller* v. *Flash Chemical Co.* 230 Mass. 419. *Bengle* v. *Cooney,* 243 Mass. 10, 13. *Pinto* v. *Brennan,* 254 Mass. 298, 301. *Hirrel* v. *Lacey,* 274 Mass. 431. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356. *McKenna* v. *Andreassi,* 292 Mass. 213, 219, et seq. *Schneider* v. *De-Christopher,* 301 Mass. 241. *Birch* v. *Strout,* 303 Mass. 28. *Friedman* v. *Berthiaume,* 303 Mass. 159, 163, 164. See now G. L. c. 231, § 85D, inserted by St. 1945, c. 352, § 1, effective on September 1, 1945, abolishing imputed negligence in cases of injury to a child.

For all that appears in the bill of exceptions, the defendants may have contended at the trial that there was negligence on the part of a parent or custodian of the child in permitting her to cross the street unattended. Upon such an issue, the training in care for her own safety that the child had received, as well as her maturity and intelligence, was relevant. The bill of exceptions does not show that counsel for the plaintiff was permitted improperly to argue that because the child knew what due care required and was obedient, she probably obeyed the instructions given her and used due care for her safety in crossing the street. Such reasoning is generally held inadmissible.[1] *McDonald* v. *Savoy,* 110 Mass. 49. *O'Hare* v. *Gloag,* 221 Mass. 24, 29, 30. *Luiz* v. *Falvey,* 228 Mass. 253, 255. *McGlinchy* v. *Henderson,* 240 Mass. 432. *Kenyon* v. *Hathaway,* 274 Mass. 47, 51,

---

[1] Conversely, the fact that one accused of negligence lacked experience is commonly held inadmissible to show that he did not act with due care on a particular occasion. *Lang* v. *Boston Elevated Railway,* 211 Mass. 492. *Sport, petitioner,* 221 Mass. 453. *Polmatier* v. *Newbury,* 231 Mass. 307, 309. *Reardon* v. *Boston Elevated Railway,* 247 Mass. 124, 127. *Hunt* v. *Boston & Maine Railroad,* 250 Mass. 434, 439. *Di Rienzo* v. *Goldfarb,* 257 Mass. 272, 282. *Pendleton* v. *Boston Elevated Railway,* 266 Mass. 214, 218. *Gibson* v. *McGuiness,* 288 Mass. 153, 154.

52. *Conrad* v. *Mazman*, 287 Mass. 229, 235, 236. *Belisle* v. *Lisk*, 16 Fed. (2d) 261. In the present cases the judge, at least in his discretion, might admit the evidence for the purpose for which he admitted it.

The defendants excepted to the admission in evidence of a photograph of the child taken shortly before her death. The photograph shows a smiling child, apparently healthy and intelligent. The defendants contend that the photograph probably misled the jury into assessing punitive or compensatory damages, instead of damages assessed according to the degree of culpability of the operator of the truck, as required by G. L. (Ter. Ed.) c. 229, § 5, as amended. See *Commonwealth* v. *Gray*, 314 Mass. 96, 98. But we think that the appearance of the child, as shown by the photograph, had some tendency to show that the child was sufficiently mature and intelligent to be allowed to cross a street unattended, and that there was no error of law in the admission of the photograph. Whether its admission was a wise exercise of discretion could not be raised by an exception. *Bartley* v. *Phillips*, 317 Mass. 35, 42–44.

The defendants excepted to the admission of evidence of the gruesome details of the result of the impact of the truck upon the child's body. There had been evidence of the size, speed and movements of the truck. It was unquestioned that the truck could and did kill the child. The effect of the impact upon the child's body shed no light upon the degree of culpability of the operator. Exclusion of such evidence would have been the better course. But the burden is upon an excepting party to show prejudicial error upon the face of the record. *Furbush* v. *Connolly*, 318 Mass. 511, 512. *Lane* v. *Epinard*, 318 Mass. 664, 667, 668. We see nothing to show that the admission of this evidence led the jury astray. The charge is not reported. We must assume that the jury were correctly and effectively instructed to measure the damages by the degree of culpability, and that they followed that instruction. *Curtin* v. *Benjamin*, 305 Mass. 489, 494. *Gaines* v. *Ratnowsky*, 311 Mass. 254, 259. *Goltz* v. *Besarick*, 313 Mass. 14.

*Exceptions overruled.*